CostELLO v. BURKE.

63 361
80 737

63 361
85 431

63 361
87 386

63 361
108 604

63 361
114 720

63 361
118 470
118 471

1. **Highway:** DAMAGES FOR LANDS APPROPRIATED FOR: MEASURE OF DEPENDENT UPON CLAIMANT'S INTEREST IN THE LAND. Where an occupant of land taken for highway purposes appeals from the allowance of damages made by the commissioners and approved by the board of supervisors, he cannot recover for the damages to the tract out of which the land is taken, without showing that he is the owner thereof; and where the evidence fails to establish that the title is in him, he can recover only for such immediate and necessary damages as result to him as an occupant of the land.

2. **Title to Real Estate:** INCOMPETENT EVIDENCE TO ESTABLISH: RECITALS OF DEATH AND HEIRSHIP IN DEED AND DECREE. Where plaintiff claimed title from B., but showed no conveyance from B., but instead thereof a conveyance which recites the death of B., and that the grantors are his widow and heirs at law, *held* that such deed was not competent evidence, as against a stranger thereto, of the truth of such recitals: also, that a decree, in a cause to which defendant herein was not a party, containing like recitals, was not competent evidence in this case to establish the truth of the things so recited.

*Appeal from Dallas Circuit Court.*

THURSDAY, APRIL 24.

THE defendant filed his petition with the board of supervisors for the establishment of a highway. Such proceedings were had upon this petition that the establishment of the highway was recommended by a commissioner who was appointed to examine into the expediency of establishing the same. After the commissioner's report was filed, notice was personally served on plaintiff, requiring all claims for damages on account of the location of the highway to be filed by a day therein named. Such notice was also published in a newspaper in the county. Within the time prescribed by the notice, plaintiff filed the following claim for damages:

"To the Honorable Board of Supervisors of Dallas County, Iowa:

"Your petitioner, Michael B. Costello, respectfully represents that he is the absolute and unqualified owner in fee

Costello v. Burke.

simple of the northwest quarter of section fourteen, township eighty, range twenty-six, west 5th P. M., Dallas county, Iowa; that he will sustain damages by reason of the highway known as the John Burke highway, as recommended by C. F. Ellerman, commissioner, in the sum of $500. Wherefore he prays that appraisers be appointed to assess the damages."

Appraisers were thereupon appointed, who assessed his damages at $87.53, and, this assessment being approved by the board of supervisors, he appealed to the circuit court.

On the trial in the circuit court, plaintiff introduced in evidence the abstract of original entries, and the record of certain mesne conveyances, which show that on the 22d day of August, 1862, the title to the land described in plaintiff's petition was in one John Bennington, and the conveyance to him recites that his place of residence was Brown county, Ohio. Plaintiff also introduced a conveyance of said land (a warranty deed) from Lucinda Bennington, Elizabeth E. Leggett, Harriet C. King, Mary K. Shaw and Fanny G. Bennington to William Costello. This deed recites that the grantors are the widow and children and heirs at law of John Bennington, deceased, late of Brown county, Ohio. Also the judgment entry in a cause brought by the grantors in the last named deed in the circuit court against one Ernestine Edenburn, to cancel a mortgage on said land, by which it was determined that John Bennington at the time of his death was the owner of said land, that he died in 1872, and that the plaintiffs in that action were his only heirs at law; also the transfer book kept in the county auditor's office, which showed a transfer of the land, by warranty deed, from William Costello to Michael B. Costello.

Plaintiff testified that he had been in actual occupancy of the land for over two years, that he owned it, and that his occupation of it was as owner. The court instructed the jury that the evidence was insufficient to establish that plaintiff had title to the land; that he was not entitled to damages on account of the appropriation of the land for a highway;

but that he might recover for such immediate and necessary consequences as resulted to him as the occupant of the land, by reason of the establishment of the highway. The jury assessed the damages at $75. Plaintiff appeals.

*Cardell & Shortley*, for appellant.

*North & Barr* and *Barcroft, Brown & Sickmon*, for appellee.

REED, J.—I. The questions argued by counsel relate to the instructions given, to the effect, *First,* that plaintiff was

1. HIGHWAY: damages for land appropriated for: measure of dependent upon claimant's interest in the land.

not entitled to recover the value of the land appropriated, without proof that he was the owner thereof; and, *Second,* that the evidence was not sufficient to establish the ownership of the property. The position of the appellant with reference to the first question is, that the title to the property is not involved in the proceeding; that the proceeding is against the land, and the damages are assessed with reference to the effect of the appropriation on the market value of the premises; and hence it is not material to enquire as to the ownership of the property.

It is true that the proceeding to appropriate the land is in the nature of a proceeding *in rem.* The owner of the property is made a party only for the purpose of giving him an opportunity to assert his claim for damages; and, if he neglects to assert such claim when the opportunity to assert it is given him in the manner provided in the statute, the appropriation may be made without any regard to the question of damages. *Dunlap v. Pully,* 28 Iowa, 469; *Wilson v. Hathaway,* 42 Id., 173; *Hanrahan v. Fox,* 47 Id., 102.

But when a claim for damages is filed, the proceeding had therein is in the nature of a personal action. Such claim can be based only on the personal right of the claimant. And the object of the proceeding is to determine whether he has any interest which will be injuriously affected by the appropriation

of the property, and, if so, the amount of the damages he will sustain in consequence of the appropriation. Sec. 962 of the Code provides that "the amount of the damages the claimant is entitled to shall be ascertained by said circuit court in the same manner as in actions by ordinary proceedings."

This section prescribes the practice in such cases in the circuit court, and it also indicates clearly the question which is to be determined in the proceeding, which is "the amount of the damages the claimant is entitled to." And we think it clear that these damages must be estimated with reference to the extent of the interest of the claimant in the property from which the appropriation is made. The public acquires by the appropriation the right to the perpetual use of the land taken, and the sum which would compensate the owner of a limited estate in the land might be very inadequate compensation to the owner of the fee.

Plaintiff alleged that he was the owner in fee simple of the premises from which a portion of the land sought to be appropriated was taken. All the allegations of his claim, under the provisions of section 941, were regarded as denied in all the subsequent proceedings. This puts on him the burden of proving every fact material to his claim, and, as the amount of his damages depends on the extent of his interest in the land, it follows necessarily that he must prove his interest.

II. Appellant's position with reference to the second question is, that at most he was only required to produce *prima facie* evidence that he was the owner of 2. TITLE TO the land, and that, when he showed that he was real estate: incompetent in possession under a conveyance, he met the reevidence to establish : re- quirements of the law in that respect. The difficitals of death culty, however, is that there is no evidence that his and heirship in deed and decree. grantors ever had title. Indeed the title is shown to be in another. The conveyances introduced show that John Bennington was vested with the title, and there is no competent evidence that it has ever passed from him. The recitals in the deed to William Costello, that the grantors therein are the heirs at

law of John Bennington, deceased, are not competent evidence either of his death or their heirship. These recitals are no part of the conveyance, and they are no more competent as evidence in this controversy of the facts stated than they would be if embodied in any other writing signed by the parties. Neither are the recitals in the judgment, in the case against Edinburn, competent evidence of these facts. The defendant in this case is a stranger to that record. The adjudication is not binding on him, and the record is not competent evidence against him.

We think, therefore, that the circuit court correctly held that the evidence was insufficient to establish the ownership of the property by plaintiff. The judgment is

AFFIRMED.