EDWIN F. SEYMOUR ET AL., APPELLANTS, V. JOHN C. RICKETTS, APPELLEE.

1. **Partition:** NOT MAINTAINABLE BY ONE OUT OF POSSESSION. A party out of possession of real estate, whose title is denied, cannot maintain an action of partition against one in possession claiming the title to said land. He must first establish his estate in the land.

2. **Administration of Estates:** SALE BY EXECUTOR : TITLE ACQUIRED. Where an executor files a petition in the proper court for license to sell real property belonging to the estate of the testator, and the heirs and devisees sign a waiver of notice and enter an appearance in the case, or are duly served with notice, such notice will continue until the debts mentioned in the petition are paid by the sale of the real property described therein, and a purchaser under a license issued on such petition, who has paid the purchase price, the same being applied to the payment of the debts against the estate of the testator, and the sale having been confirmed and a deed made to such purchaser, may rely upon the title so acquired as against collateral attack from the heirs and devisees of such testator.

3. **Partition:** EQUITY JURISDICTION. While in a proper case a court of equity will retain a petition for the partition of real estate, where the title of the plaintiff is denied or is not clear, until he can try his title at law, yet, where it is apparent from the whole record that the plaintiff has no interest in the premises, the right will be denied.

APPEAL from the district court of Lancaster county. Heard below before POUND, J.

*John S. Gregory,* for appellants.

*Lamb, Ricketts & Wilson,* for appellee.

MAXWELL, CH. J.

" On the 28th day of February, 1885, the plaintiffs filed a petition in the court below, stating their cause of action to be: That they are the sole heirs and legatees of their

father, John W. Seymour, who died July 12, 1872, leaving the real estate in controversy, with all other property, by will to his widow, Sarah J. Seymour, to be held by her during her life, in trust for plaintiffs, and at her death the said property to be equally divided share and share alike between these plaintiffs; that on Aug. 14th, 1884, the said Sarah J. Seymour died, and that plaintiffs were thereupon entitled to a partition of the said lands according to the terms of the will.

"That at the time of the death of the said John W. Seymour, he was the owner of the S. $\frac{1}{2}$ of the S. W. $\frac{1}{4}$ Sec. 27, and S. E. $\frac{1}{4}$ of S. E. $\frac{1}{4}$ of Sec. 28, Tp. 10, Range 6, in Lancaster county, Neb.

"On Nov. 29, 1879, Charles W. Seymour, claiming to act as executor, and under the order of the district court of Otoe county, dated Nov. 15, 1879, sold these lands unto Sarah J. Seymour for $1,120, which sale was by the court duly confirmed, and the said Charles W. was ordered and directed to make deed for same to her, and that said sale and confirmation have never been vacated or set aside.

"On Nov. 29th, 1879, said Charles W. Seymour caused an order to be entered by said district court granting him license to sell so much of said lands as should be necessary to pay the debt, taxes and costs of said estate, and on the 28th day of Dec. 1880, he sold the same unto defendants' grantee for the sum of $945. Said sale was on the same day confirmed by the judge of Otoe Co. district court, at Lincoln, Lancaster county, Neb.

"By virtue of said sale and confirmation, Chas. W. Seymour executed to said defendant a deed to said premises, and by virtue of said deed, plaintiffs claim that defendant became seized in fee of one-ninth interest, being the title of said C. W. Seymour in said land, and that defendant is the tenant in common therein.

"That no notice was ever served upon any of the plaintiffs that application would be made for said sale. No

order was made by the court citing them to appear and show cause why such license should not be granted, and no appearance was by them made in court, and plaintiffs, who all resided in Ohio, never knew or had any intimation of any of the said proceedings until shortly before the commencement of this action ; that at the time said last order was obtained, all debts of the estate had long prior thereto been paid, and no taxes were ever by said Chas. W. paid, and no part of the purchase money was paid or tendered to these plaintiffs ; that said Chas. W. gave no bond, and did not take the oath required by law ; and said sale was fraudulent and void.

" Plaintiffs offer to pay their proportion of taxes and improvements, and pray a partition."

The defendant demurred to the petition upon the ground that it failed to state a cause of action. The demurrer was overruled, to which the defendant excepted. He then filed answer as follows :

" For first defense, that he admits the death of John W. Seymour, his will, his title in fee at the time of his death, the sale of Dec. 28, 1880, of the property in controversy, the confirmation and deed of Chas. W. Seymour, as alleged in the petition ; he denies each and every other allegation, and claims to be sole owner in fee.

" Second and third defenses, that defendant is seized in fee of said premises by virtue of certain tax deeds to Chas. L. Flint, and to E. Howard, and by mesne conveyance from said Flint and Howard ; and under virtue of said title defendant has been in possession of said premises since Dec. 18, 1880, and has paid the taxes thereon.

" Fourth defense, that Charles W. Seymour was duly appointed administrator and executor under the will of John W. Seymour, by the probate court of Otoe county, Nebraska ; that he duly qualified ; that by the terms of the will large legacies were directed to be paid out of the estate ; that the estate was subject to large indebtedness

which had been proved up and allowed by the probate court of said Otoe county; that the personal estate was inadequate to pay the same; that on May 3d, 1875, said executor filed his petition in Otoe county district court praying assignment of dower, license to sell these lands with other lands; that these plaintiffs were duly notified and filed their voluntary appearance and assented to the sale in accordance to the prayer of petition; and said court only licensed said Chas. W. to sell said lands; that said cause was continued from time to time until June 8th, 1878, when all the lands were sold (except 40 acres) to the widow, Sarah J. Seymour, or some of the plaintiffs, and defendant is not advised whether any money was paid for such of said property as was sold to the widow or not, but alleges that no money was paid.

"That December 9th, 1880, the district court renewed and enlarged the former license and thereunder the said administrator did, on Dec. 28th, 1880, at the west front door of the U. S. building, in Lincoln, sell said lands to A. C. Ricketts for $980, and on the same day S. B. Pound, judge of said Otoe county district court, duly confirmed said sale, and a deed was duly executed to said Ricketts; that prior to said sale, Shambaugh & Richardson held judgment against the estate of J. W. Seymour of about $1,000, and had caused execution to be levied on the Seymour house property, and that all the proceeds of said sale were used in paying said judgment and saving said Seymour house property.

"That defendant has occupied said lands and improved them to the value of about $5,000 and paid all taxes thereon, and that the plaintiffs were fully advised of all C. W. Seymour's proceedings as before mentioned.

"Fifth defense, that in January, 1880, said C. W. Seymour was the duly constituted agent of the several heirs, including plaintiff, and in behalf of all said heirs he entered into an agreement with defendant to sell him said

lands, subject only to tax liens, and advised defendant to purchase the outstanding tax title, under which advice he did purchase the same, and by reason of the premises plaintiffs are now estopped to claim any interest therein.

" That the administrator's prior sale to Sarah J. Seymour was void, and that she refused to pay the purchase money bid therefor and the administrator refused to make her a deed. .

" That this suit is being conducted by the plaintiff's attorneys under a champertous agreement for fees, and defendant prays that the action be dismissed."

The reply is a general denial.

In April, 1886, there was a trial to the court and judgment dismissing plaintiff's petition at their costs. The plaintiffs appeal.

The petition shows on its face that the title of the plaintiffs is not clear. They claim to be the owners of eightninths of the legal title of the property in question, and that the defendant is the owner of one-ninth part thereof; but they do not state that they are in possession of the premises. Where the complainants' legal title is disputed, courts of equity decline the jurisdiction to try this question, but in a proper case will retain the petition for a reasonable time until the question of title can be determined at law. *Slade v. Barlow*, L. R., 7 Eq., 296. *Giffard v. Williams*, Id., 5 Ch., 546. *Bolton v. Bolton*, Id., 7 Eq., 298 n. *Potter v. Waller*, 2 De G. & Sm., 410. *Simpson v. Wallace*, 83 N. C., 477. *Mattair v. Payne*, 15 Fla., 682. *Hardy v. Mills*, 35 Wis., 141. *Hoffman v. Beard*, 22 Mich., 59. *Wilkin v. Wilkin*, 1 Johns. Ch., 111, 118. *Manners v. Manners*, 1 Green Ch., 384. *Currin v. Spraule*, 10 Gratt., 145. But all persons, whether in possession or expectancy, are proper parties to the action. *Evans v. Bagshaw*, L. R., 5 Ch., 340. *Agar v. Fairfax*, 2 L. Cas. in Eq., 468; 3 Pom. Eq., § 1388. As the plaintiffs claim under a purely legal title against

the defendant in possession, claiming a legal estate in the land, the demurrer to the petition should have been sustained.

2. The testimony tends to show that in the year 1875 C. W. Seymour, as executor of the last will and testament of John W. Seymour, filed a petition in the district court of Otoe county, setting forth that certain debts were due from the estate of said Seymour, and that it was necessary to sell a sufficient quantity of land belonging to such estate to pay such debts. The petition included lands belonging to the estate situated in Otoe, Cass, and Lancaster counties, and included the land in controversy. Eight of the heirs signed a waiver of service of notice and entered a general appearance in the case, and service by publication was had upon the ninth. A license was thereupon duly issued to said executor to sell certain lands in Otoe county. The executor at that time took the oath required by statute before Judge GANTT, but was unable to effect a sale of the real estate. A number of renewals of the license took place, and in 1879 the license issued included the lands in controversy, and they were sold to the widow of the testator. This sale took place in Otoe county and seems to have been confirmed in that county. But she paid no portion of the price bid, nor was a deed ever executed to her. In 1880 a renewal of the license was granted by the district court of Otoe county to sell the land in controversy, and under such license the executor advertised the land for sale, and sold the same to the defendant for the sum of $980 in cash, which money was applied to the payment of debts of the estate of said John W. Seymour. The sale was confirmed and a deed made to the purchaser—the defendant—who thereupon took possession of the land and has made valuable improvements thereon.

The principal objections made by the plaintiffs against this sale relate to irregularities in the proceeding. Where, however, the court has jurisdiction of the subject-matter

and the parties, its judgment is not open to collateral at-
tack. This question was very fully considered in *Trumble
v. Williams*, 18 Neb., 144, and it was held that a petition
for a license to sell real property for the payment of debts
of an estate, filed in the court having exclusive original
jurisdiction, and which was acted upon by that tribunal
and treated as sufficient, was not, in the absence of fraud
or collusion, subject to attack in a collateral proceeding,
and that the authority to grant a license to sell real estate
carries with it the implied power to determine the necessity
for such sale and the sufficiency of the pleadings presented
to the court for that purpose. In that case it was also
held that where license to sell real estate had been una-
vailing by reason of the want of bidders, and the necessity
for a sale continued to pay debts due from the estate, that
the court might grant a second or other license upon the
original petition. There would seem to be no necessity
for filing a new petition, unless new facts had arisen which
it was necessary to bring to the attention of the court, of
which there is no evidence in this case. The original peti-
tion, therefore, was sufficient, and the waiver of service,
and service of notice continued until the debts were paid.
The court, therefore, had jurisdiction, and its judgment
must be held valid and sufficient. It is unnecessary to
notice the matter relating to the defendants' tax deed.

The plaintiffs claim that even if the court will not sus-
tain an action for partition where the title is denied, or is
not clearly established, yet the petition will be retained to
give the plaintiffs an opportunity to establish that title at
law. This is the general rule, and where questions on the
title of the plaintiff are strictly of a legal character, the
court will give the plaintiff a reasonable opportunity to try
his title at law, and in the meantime retain the petition.
*Wilkin v. Wilkin*, 1 Johns. Ch., 111. *Blynman v. Brown*,
2 Vern, 232. *Parker v. Gerard*, 1 Amb., 236. If it clearly
appeared that the court below had dismissed the action

because plaintiffs were not in possession of the premisess we would order a stay of proceedings until the plaintiff, could try their title in an action at law. It is apparent, however, that the court decided the case upon the merits, and held that the plaintiffs had no interest in the lands in controversy, and in this there is no error. The judgment of the district court is therefore affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.