JAMES H. McMURTRY, APPELLANT, V. WILLIAM KEIF-
NER ET AL., APPELLEES.

FILED MARCH 29, 1893.     No. 4910.

1. **Partition**: NOT MAINTAINABLE BY PARTY OUT OF POSSES-
SION.  A party out of possession of real estate, whose title is
denied, cannot maintain an action of partition against one in
possession, claiming title to said land. (*Seymour v. Ricketts*, 21
Neb., 210.)

2. ———: RECITALS IN DEED: PROOF OF DEATH.  A recital in a
deed of recent date, that the grantors are the heirs at law of a
former owner of the lands therein described, is not sufficient
evidence, as against a stranger to the instrument, of the death
of the supposed ancestor, or that the persons who executed the
deed are his heirs.

APPEAL from the district court of Lancaster county.
Heard below before HALL, J.

*Abbott, Selleck & Lane*, for appellant.

*Lamb, Ricketts & Wilson*, contra.

NORVAL, J.

This was an action brought by the appellant for the par-
tition of real estate.  Plaintiff, in his petition filed in the
district court, alleges that he is the owner of an undivided
one-half interest in the lands in dispute, and that the de-
fendant William Keifner is the owner of the other undi-
vided one-half interest thereof; that the defendant J. R.
Richards, as trustee for the defendant State Loan & Trust
Company, has a mortgage heretofore executed by the de-
fendant Keifner upon his interest in the premises, to se-
cure the payment of $800, due July 1, 1893.

The defendant Keifner alone answered:  First—By a
general denial.  Second—That he and his grantors have
been in the open, notorious, exclusive, adverse possession

of the premises as owner for more than ten years next* before the bringing of the suit, and that the said defendant has such possession at the present time.

The reply of the plaintiff denies every allegation of the answer.

The district court, on the trial, found the issues against the plaintiff, and dismissed the action.

The undisputed testimony shows, and the trial court so found, that the defendant Keifner was at and for some time prior to the bringing of this suit in the exclusive possession of the entire tract described in the petition, claiming the legal title to the lands. McMurtry has never been in possession of the premises, and his title being denied by the defendant, the plaintiff cannot maintain a suit in partition until he has established his title by an action at law. This doctrine was affirmed in *Seymour v. Ricketts*, 21 Neb., 240, where the authorities are collated.

Another reason why the court did not err in dismissing the petition is that the plaintiff failed to prove by any competent evidence that he had any interest in the lands sought to be partitioned. It is conceded that the title to the premises in dispute was originally in Catherine Tozier. The defendant Keifner claims title from her through the following conveyances: Catherine Tozier to John B. Phinney and James F. Phinney, warranty deed, dated May 8, 1869, recorded June 19, 1869; John B. Phinney and Mary A., his wife, to Albert G. Gutheridge, warranty deed, dated June 29, 1869, covering the entire tract, which deed was recorded on the 26th day of July, 1869; Albert G. Gutheridge and wife to S. C. Head, warranty deed for all the lands, dated August 13, 1869, recorded on the 18th day of the same month; S. C. Head to Samuel P. Axtell, warranty deed embracing the lands in controversy, dated May 23, 1872, recorded on the 22d day of August, 1872; Samuel P. Axtell to Frances Morrison, warranty deed, dated July 22, 1872, recorded August 22, 1872; Frances Morrison

and John P. Morrison, her husband, to the defendant William Keifner, warranty deed to the entire tract, bearing date August 2, 1886, and filed for record on the 29th day of December, 1886.

It will be observed that the chain of title to the property is continuous from Catherine Tozier to the defendant Keifner with the exception that there is no deed of the undivided one-half thereof from James F. Phinney to John B. Phinney.

The defendant insists, and he introduced on the trial in the court below some testimony tending to show, that the one hundred and sixty acre tract which embraced the lands in controversy, and which quarter section was conveyed by Catherine Tozier to John B. Phinney and James F. Phinney by the deed of May 8, 1869, was divided by the said Phinneys, John B. taking the part including these lands and James F. receiving the other portion, and that mutual deeds were made between them of their respective allotments, but that the deed from James F. Phinney to John B. Phinney for these lands is lost and cannot be found, and that through oversight and neglect it was never recorded. It is not our purpose to determine whether or not the evidence is sufficient to establish that John B. ever acquired the interest of James F. in the property, nor is it necessary that we should do so. It is uncontradicted that the defendant Keifner has a perfect title to at least an undivided one-half of the premises. Unless the plaintiff owns the other moiety, he has no interest in the lands, and therefore would not be entitled to a partition thereof.

The plaintiff, for the purpose of showing that he acquired the undivided one-half of the property in question, which was formerly owned and held by said James F. Phinney, introduced in evidence a quitclaim deed from Adeline Phinney, Lauren P. Phinney, Ella Phinney, Mary E. Phinney, John S. Phinney, and Sarah A. Phinney to James H. McMurtry, conveying to him all their

right, title, and interest to the lands, which deed was exe-
cuted on the 26th day of June, 1888.   This deed contained
a recital stating that the grantors therein named were the
sole heirs at law of James F. Phinney, deceased.   No evi-
dence was introduced in the cause outside of said recital in
the deed that tended to prove that James F. Phinney, the
former owner of the lands, was dead, or that the persons
who executed said conveyance were his heirs.   The ques-
tion is squarely presented to the court for consideration,
whether the said recital alone is sufficient proof, as against
the defendant Keifner, of the death of said James F.
Phinney, or of the heirship of the grantors in the deed.
The general rule is that a recital in a deed is only evidence
against the parties to it and their privies.   It is not bind-
ing upon strangers, or those who claim through a para-
mount title.

It has been held that recitals in ancient deeds are pre-
sumptive evidence of pedigree.   (*Bowser v. Cravener*, 56
Pa. St., 132; *Scharff v. Keener*, 64 Id., 376; *Little v. Pal-
ister*, 4 Greenl. [Me.], 209.)   But a recital contained in a
deed of a recent date that the grantors are heirs at law of a
former owner is insufficient proof, as against a stranger
to the conveyance, of the death of such previous owner, or
that the persons who executed the deed are in fact his heirs.
The proposition is well sustained by the authorities. (*Pot-
ter v. Washburn*, 13 Vt., 558; *Hill v. Draper*, 10 Barb.
[N. Y.], 454; *Sharp v. Speir*, 4 Hill [N. Y.], 76; *Penrose
v. Griffith*, 4 Binn. [Pa.], 231; *Hardenburgh v. Lakin*,
47 N. Y., 109; *Carver v. Jackson*, 4 Peters [U. S.], 1;
*Murphy v. Loyd*, 3 Wharton [Pa.], 538; *Costello v. Burke*,
63 Ia., 361; *Miller v. Miller*, 63 Id., 387; *Kelley v.
McBlain*, 42 Kan., 764; *Yahoola River Mining Co. v.
Irby*, 40 Ga., 479; *Lamar v. Turner*, 48 Id., 329; Devlin,
Deeds, sec. 996.)

The deed to McMurtry was executed less than three
years before the trial in the district court, and, therefore,

was of too recent date to be regarded as an ancient document, so as to entitle it to be introduced in testimony under the rules of evidence relating to ancient documents. It is elementary that the best evidence obtainable, or in existence, must be produced on the trial of a cause. The record shows that James F. Phinney was alive in 1884; and if he has since died there ought to be no difficulty in establishing that fact by competent evidence, and whether or not the persons who executed the deed were his heirs. The plaintiff must establish his title to the lands by a suit in ejectment before he can maintain a suit for a partition thereof. The judgment of the district court is

AFFIRMED.

THE other judges concur.