(60 N. W. Rep. 1050.)

---

GEORGE A. BENNETT *vs.* NORTHERN PACIFIC RY. CO.

Opinion filed November 13th, 1894.

**Injury to Employe—Erroneous Charge.**

> Judgment reversed for error in charging the jury that liability of defendant depended solely upon freedom of plaintiff from contributory negligence, the defendant's negligence not being established by the evidence as a' matter of law.

Appeal from District Court, Stutsman County; *Rose*, J.

Action by George a Bennett against the Northern Pacific Railroad Company for personal injuries. Judgment for plaintiff, and defendant appeals.

Reversed.

*Ball & Watson*, for appellant.

An employe is not liable to a servant injured through a latent defect, the existence of which it did not suspect. It can be held in such case only upon proof of its failure to use ordinary care to discover such latent defect. *Roberts* v. *Baxter*, 44 Cal. 187; *Railroad Co.* v. *Fort*, 17 Wal. 553; *Railroad* v. *Wagner*, 21 A. & E. R. R. Cases, 637. The servant who undertakes for reward to perform certain work, is presumed to bring into the business a degree of skill, ability, judgment, care and caution commensurate with the hazard and danger of the business in which he engages to serve and the presumption is that he assumes the ordinary risks attending such employment. *I. B. & W. R. R.* v. *Flanigan*, 77 Ill. 365; 1 Harris on Damages by Corp. 272; *Ladd* v. *R. R. Co.*, 119 Mass. 412; *Ford* v. *R. R.*, 110 Mass. 240; *Shany* v. *Mills*, 66 Me. 420; *R. R. Co.* v. *Gildersleeve*, 33 Mich. 134; *Wallingford* v. *R. R. Co.*, 26 S. C. 258. An instruction to the jury which does not arise out of the facts of the case is inapplicable to it and is erroneous if calculated to mislead or confuse them. *Perkins* v. *Eckert*, 55 Cal. 400; *Chicago, etc.* v. *Robbins*, 2 Black 417; *Bank* v. *Eland*, 9 Wall. 554; *Hawks* v. *Naglee*, 54 Cal. 51; Thompson on Charging Jury, 62. When an instruction is based upon a state of facts not warranted by the evidence, the manifest tendency of which is to lead the jury to infer the existence of such facts and thereby take an erroneous view of the case, it is ground for reversal. *Willis* v. *R. R. Co.*, 17 Am. and Eng. R. R. Cases, 542; *St. Louis* v. *Risley*, 10 Wall. 91; *U. S.* v. *Breitling*, 20 How. 254; *Jones* v. *Randolph*, 14 Otto 108; *Boardman* v. *Reed*, 6 Pet. 328; *Ins. Co.* v. *Baring*, 20 Wall. 158; *Miller* v. *R. R. Co.*, 41 N. W. Rep. 28; *Sawden* v. *Idaho*, 55 Cal. 443.

*S. L. Glaspel*, for respondent.

The instructions of the court assigned for error when read with the charge complete and in the light of undisputed facts seem to be fair and without error of which any just complaint can be made. Counsel relies upon former opinions in this case. 3 N. D. 91, 2 N. D. 314.

CORLISS, J.   This case has been tried three times in the District Court.   This is its third appearance in this court.   The opinions on the two former appeals are reported in 2 N. D. 112, 49 N. W. 408, and 3 N. D. 91, 54 N. W. 314.   We are loath to send the case back for a new trial, but we find no escape from the conclusion that the court erred in its charge.   Twice in the course of his charge the learned judge instructed the jury that if 'the plaintiff could not, after careful examination, discover any defect in the coupling apparatus, the defendant was liable.   The jury were by this language told that the inability of the plaintiff to discover the defect after careful examination established the negligence of the defendant.   It is obvious that the defendant's negligence depended upon no such fact.   This fact merely exonerated the plaintiff from the charge of contributory negligence.   Defendant's negligence must be determined from other considerations.   We are unable to discover, from a careful study of the whole charge, that this error was neutralized by other portions of the court's instructions.   Nor are we able to hold that defendant's negligence was established as a matter of law.   It was a question of fact for the jury.   So far as we know, they have never passed upon it.   The court informed them that they must find defendant negligent if plaintiff was not himself careless.   This verdict may rest upon a mere finding by the jury that plaintiff was not negligent.

The judgment is reversed, and a new trial ordered.   All concur.
(61 N. W. Rep. 18.)