ROBERT HANNAH *vs.* E. C. CHASE.

Opinion filed November 13th, 1894.

### Effect of Recitals in Sheriff's Deed.

In a sheriff's deed under foreclosure proceedings by advertisement, the grantee was named and described as "Globe Investment Company, formerly Dakota Mortgage Loan Corporation." *Held*, that such recital was no evidence that the Globe Investment Company had succeeded to the rights of the Dakota Mortgage Loan Corporation.

### Presumption of Regularity—Jurisdictional Facts.

The legal presumption that a public officer has done his duty will not extend so far as to warrant a court in presuming the existence of an independent jurisdictional fact, of which there is no other evidence.

### Foreclosure by Advertisement—Identity of Grantee.

Nor does such presumption apply to the acts of an officer specially authorized by statute to sell real estate in foreclosure proceedings by advertisement, and while proceeding under such authority.

Appeal from District Court, Sargent County; *Lauder*, J.

Action by Robert Hannah against E. C. Chase to determine adverse claims to certain land. Judgment for defendant, and plaintiff appeals.

Affirmed.

*Fred B. Morrill*, for appellant.

The object of this action is to try the legal title and right of possession to the land in question. *Wood* v. *Conrad*, 2 S. D. 405, 50 N. W. Rep. 903. The presumption is that the officer in making the deed, did his duty. *Faley* v. *Kane*, 4 N. W. Rep. 355; *Herrick* v. *Ammerman*, 21 N. W. Rep. 836; *Love* v. *Cherry*, 24 Ia. 204. It is the duty of the sheriff to complete the sale by executing a deed of the premises sold, to the original purchaser or any person who may have acquired the title or interest of such purchaser. Sections 5423, 5160, Comp. Laws.

*W. E. Purcell* and *Chas. E. Wolfe*, for respondent.

Plaintiff must recover, if at all, on the strength of his own title.

*Kircher* v. *Murray*, 54 Fed. Rep. 620; *Foley* v. *Kane*, 4 N. W. Rep. 355. The sheriff's deed is void upon its face, because issued to the wrong party. A naked power conferred by law on an officer or private person, must be strictly followed and one claiming a right under the exercise of such a power must show that it was strictly pursued in accordance with the directions of the law. Throop on Public Officers, 556; *Thacher* v. *Powell*, 6 Wheat. 119; *Jackson* v. *Esty*, 7 Wend. 148; *Williams* v. *Peyton*, 4 Wheat. 77. The presumption that an officer does his duty will not be allowed to sustain a vital jurisdictional fact. Throop Public Officers, 559; *Albany* v. *McNamara*, 117 N. Y. 168. To found the power to act against a private right of property there must be affirmative proof of compliance with prerequisites. Throop Public Officers, 559; *In re Buffalo*, 78 N. Y. 366; *In re Carlton Street*, 16 Hun. 497. The sheriff in making sales acts as the agent of the mortgagee, and is appointed by the legislature by the name of his office and not *virtute officie*. *Berthold* v. *Herman*, 12 Minn. 221; Throop Public Officers, 560. The rule that officers will be presumed to have done their duty does not extend to agents appointed by the legislature *pro hac vice* to sell lands for the payment of the owners debts; the correctness of their proceedings must be affirmatively proved. Throop Public Officers, 560; *O'Brien* v. *McCann*, 58 N. Y. 373; *Hilton* v. *Bender*, 69 N. Y. 75. The recitals in the sheriff's deed are not evidence against the owner. *McMurtry* v. *Keifner*, 54 N. W. Rep. 844; *Costello* v. *Burke*, 19 N. W. Rep. 247; *Hilton* v. *Bender*, 69 N. Y. 75.

BARTHOLOMEW, C. J. This action was brought under § 5449, Comp. Laws, to determine adverse claims to the S. E. ¼ of section 23 in township 131 N., range 53 W., in Sargent County. Both parties claims title from one Winfield S. Wolfe. The trial below was to the court, and defendant prevailed. Plaintiff prosecutes this appeal. Defendant is in possession. It is only after plaintiff has shown a right in himself, superior to the right of possession, that defendant's title becomes material. We may therefore enter at once upon a consideration of plaintiff's title.

The facts upon which he relies are undisputed. It is simply the right that the law gives him from such facts that is questioned. In February, 1885, Winfield S. Wolfe, the fee owner of said land, executed a mortgage thereon in favor of the Dakota Mortgage Loan Corporation, which was duly recorded. Upon a subsequent default, this mortgage was foreclosed by advertisement, and a sheriff's certificate of sale issued to the mortgagee on June 2, 1888. This certificate was properly recorded, as was also the usual affidavit of publication and what purported to be a sheriff's affidavit of sale; but this last instrument was sworn to before the register of deeds of Sargent County, an officer who at that time was without authority to administer an oath. No redemption was made or attempted, and on January 3, 1890, a sheriff's deed was executed upon such certificate, and in the deed the grantee is named and described as "the Globe Investment Company formerly Dakota Mortgage Loan Corporation, of the County of Suffolk and commonwealth of Massachusetts." This grantee subsequently conveyed the land to the plaintiff herein by warranty deed. Upon the foregoing instruments, or duly authenticated copies thereof, plaintiff rested his right to recover. Plaintiff also sought to introduce a copy of a statute purporting to have passed by the legislature of Massachusetts in 1888, by which the name of "Dakota Mortgage Loan Corporation" was changed to "Globe Investment Company." This copy was authenticated only by the certificate of a notary public to the effect that he had compared it with the engrossed act in the office of the secretary of state, and that it was a true copy thereof. On defendant's objection to its incompetency, the copy was excluded and exception saved. But the proof or authentication of the copy was so clearly insufficient that we may dismiss it with its statement. Comp. Laws, § 5302; Whart. Ev. § 305.

The court found that the sheriff's affidavit of sale was entirely void, because the *jurat* was made by a party not authorized to administer oaths. But whether or not the court considered the record of such an instrument necessary to establish a record title

under the foreclosure is not apparent. Nor is it necessary for us to pass upon the point. The court held that the sheriff's deed made pursuant to the certificate of sale, and made to the Globe Investment Company, was ineffective to convey any title whatever, because the certificate was made to the Dakota Mortgage Loan Corporation as purchaser, and the Globe Investment Company in no manner connected itself with the rights or interests of the Dakota Mortgage Loan Corporation under the certificate. If plaintiff's grantor had no title, it, of course, conveyed none to plaintiff; and that point alone, if well taken, would decide the case. Against this position, it is urged that the recitals in the deed are sufficient *prima facie* to establish the right of the Globe Investment Company to succeed to the interests of the Dakota Mortgage Loan Corporation. We think otherwise. The statute does not make the sheriff's deed evidence of any such recitals. See Comp. Laws, § § 5160, 5428, 5437. Nor would such recitals be evidence of the matters stated in the absence of statutes. In *Costello* v. *Burke*, 63 Iowa, 361, 19 N. W. 247, the court said: "The conveyances introduced show that John Bannington was vested with the title, and there is no competent evidence that it has ever passed from him. The recitals in the deed to Costello that the grantors therein are the heirs at law of John Bannington, deceased, are not competent evidence either of his death or their heirship. These recitals are no part of the conveyance, and they are no more competent as evidence of the facts stated than they would be if embodied in any other writing signed by the parties." See, also, *Hill* v. *Draper*, 10 Barb. 454; *Smith* v. *Penny*, 44 Cal. 161; *Hardenburgh* v. *Lakin*, 47 N. Y. 109; *McMurtry* v. *Keifner*, 36 Neb. 522, 54 N. W. 844. This is not a case where the truth of the matter contained in the recitals comes in question between the parties to the deed. Here it is sought to bind a third party, and, under the authorities, it is clear this cannot be done.

But by § 5423, Comp. Laws, it was made the duty of the officer who made the sale or his successor in office, in case no redemption was made, "to complete the sale by executing a deed of the

premises to the original purchaser, his heirs or assigns, or to any person who may have acquired the title and interest of such purchaser by redemption, or otherwise." Under the presumption that a public officer has done his duty, we are asked to assume without proof that in this case the sheriff executed the deed to the party to whom the law made it his duty to execute it; *i. e.* to the party that had legally succeeded to the interest of the Dakota Mortgage Loan Corporation. To state the position baldly: Where, upon a foreclosure by advertisemcnt, the sheriff executes a certificate of purchase to A., and subsequently executes a deed of the premises to B., does the law presume without proof that B. has legally succeeded to the rights of A.? This must be answered in the negative. The authority to execute the deed to B. depends, not upon the performance of any precedent duty on the part of the officer, but upon the existence of an entirely independent fact, and a fact that is jurisdictional, because, unless A.'s rights have in some manner passed to B., the officer is entirely without authority to deed to B. Now, the presumption in favor of the legality of official acts never goes to the extent of supplying a jurisdictional fact. Whart. Ev. § 1318; *Miller* v. *Brown*, 56 N. Y. 383; *Jewell* v. *Van Steenbrugh*, 58 N. Y. 85, 92; *Wheeler* v. *Mills*, 40 Barb. 644; *City of Albany* v. *McNamara*, 117 N. Y. 168, 22 N. E. 931; *Hilton* v. *Bender*, 69 N. Y. 75, 83; *Osburne* v. *Tunis*, 25 N. J. Law, 633–662; *Telfener* v. *Dillard*, 70 Tex. 139, 7 S. W. 847; *Keane* v. *Cannovan*, 21 Cal. 291.

For a further reason we do not think plaintiff is in position in this case to claim the benefit of the usual presumption that a public officer has done his duty. Our statute providing for these sales (§ 5416, Comp. Laws) declares that they must be made by the person appointed for that purpose in the mortgage, or by the sheriff of the county or his deputy. Making the sale is not a duty that necessarily pertains to the sheriff's office. The duties of a sheriff, aside from his general duties as a peace officer, are those of chief executive officer of courts of record. Judicial sales are necessarily made by a sheriff, unless, by special order, some other

party is empowered to make the sale. But a sale under a power contained in a mortgage, when foreclosed by advertisement, is not a judicial sale. It is a sale in pursuance of a contract, and the contracting parties may appoint in the mortgage whom they will to act as their agent in conducting the sale. But, if they fail to appoint, then the law selects for that purpose the sheriff of the county or his deputy. And, in making the sale, the appointee of the law acts in the same capacity as would the appointee of the parties in performing the same service; *i. e.* as the agent of the parties. His appointment is for a special purpose, and the legal presumption that we are discussing does not cover such a casè. Throop, Pub. Off. § 560, and cases cited; *Murphy* v. *Chase*, 103 Pa. St. 260; *Keane* v. *Cannovan, supra;* Mechem Pub. Off. 581. It is very clear that plaintiff failed to establish any title whatever in himself. Defendant's title need not be considered.

Judgment affirmed.    All concur.