(No. 5597. Decided August 16, 1905.)

A. R. MACE *et al., Respondents,* v. M. DUFFY *et al., Appellants.*[1]

DESCENT AND DISTRIBUTION — PROOF OF HEIRSHIP — EVIDENCE — RECITALS IN DEED — COMPETENCY. Recitals in a deed, describing the grantors as heirs of a certain party, cannot be used as proof of heirship, in favor of the grantors or their successors.

SAME — JUDGMENT — ADMINISTRATION — FOREIGN DECREE OF DISTRIBUTION — EXTRA-TERRITORIAL FORCE. A final decree of distribution of a court of probate in Alaska, awarding estate there to parties found to be legal heirs of the deceased, is not competent evidence of heirship, as against a stranger to the record, with respect to real property in this state.

ESTOPPEL — STATEMENTS WITHDRAWN — RELIANCE UPON. An estoppel to dispute the heirship of certain grantors in a deed cannot be claimed by the grantees, where the statements relied upon as an estoppel were expressly withdrawn before the grantees purchased the property.

Appeal from a judgment of the superior court for Kitsap county, Denney, J., entered November 2, 1904, upon findings in favor of the plaintiffs, after a trial on the merits before the court without a jury, in an action to compel the conveyance of real estate. Reversed.

*Ralph C. Bell,* for appellants.

*Smith & Cole,* for respondents.

FULLERTON, J.—On September 20, 1897, one Samuel Harper, who was the owner, and in possession, of a tract of

1Reported in 81 Pac. 1053.

land, situated in Kitsap county, conveyed the same, "in consideration of personal esteem and friendship," by quitclaim deed, to appellant M. Duffy. While the deed was on its face merely an ordinary deed of conveyance, without condition or reservation of any kind, it was shown at the trial— in fact it was not disputed—that the appellant took title to the property under an agreement to reconvey it to the grantor, should he return from Alaska, for which place he was then about to depart, or, in case he should not return, to his surviving heirs.

The grantor thereafter died, intestate, in the territory of Alaska, leaving estate therein, consisting of personal property. This estate was administered upon by a court in that territory having jurisdiction in probate, and the property of the estate distributed to three persons, one found by the court to be a brother, and the others, sisters, of the deceased. No administration of the estate of the deceased was had in this state. Later on the respondents in this action purchased, of the supposed brother and sisters, the land in question, and took deeds from them, in which it is recited that they are the brother and the sisters, respectively, of the deceased, and his sole heirs at law. The respondents thereupon entered into possession of the property, and demanded a deed of conveyance from the appellants. This conveyance the appellants refused to make, whereupon this action was begun to compel them to execute it. The trial court found for the respondents, and entered a judgment directing a conveyance to them, and from that judgment this appeal is taken.

Of the errors assigned, the only one meriting discussion is the contention that the proofs were insufficient to justify the finding that the respondents' grantors were the heirs at law of the grantor of M. Duffy. This contention we think is well taken. The evidence tendered to prove this fact was a certified copy of the decree of the probate court of Alaska awarding to these persons the Alaskan estate, and

the deeds from them to the respondents, which contained, as we have stated, a recital to the effect that the grantors were heirs at law of the appellants' grantor. Obviously the recitals in the deeds were not competent evidence to prove the fact of heirship. Such recitals are no part of the deed, and are no more competent evidence of the fact stated than would be a letter from the grantors, or any other writing signed by them, containing the same statement. Such statements are but the *ex parte* declarations of the persons making them, which might be evidence against them as admissions in an action to which they were parties, but which can never be admissible as evidence in their favor.

Nor was the decree of distribution competent evidence of this fact in this case. Undoubtedly, the general notice the administrator is required to give in order to obtain a decree of distribution, renders the decree binding upon strangers, as to all property before the court and subject to administration and distribution by it, but this is its utmost effect. It has no effect as to property beyond the court's jurisdiction, and is not evidence against a stranger, when the action concerns property beyond its jurisdiction. *Costello v. Burke,* 63 Iowa 361, 19 N. W. 247; *Shores v. Hooper,* 153 Mass. 228, 26 N. E. 846, 11 L. R. A. 308.

The respondents contend, however, that they purchased the claims of these persons to the property on the strength of a letter which the appellant M. Duffy wrote to one L. Edwin Dudley, expressing his belief that such persons were the heirs of Samuel Harper, and he contends that the appellants, for that reason, ought now to be estopped from asserting the contrary. But it appears, by the respondents' own evidence, that they made the purchase after they had interviewed the appellant M. Duffy, and had been told by him that he did not believe that these persons were such heirs. The appellants can claim an estoppel, if estoppel can be claimed at all, only on the theory that they had been misled by the appellants' statements in the letter; but this position

is scarcely tenable, since they were told, expressly, before they had made the purchase, that the appellant had changed his opinion as to fact recited in the letter.

These conclusions call for a reversal of the judgment, and would authorize an order directing that the action be dismissed. In view of the record, however, we have concluded not to direct a dismissal, but to reverse the case, and remand it for a new trial. Undoubtedly, competent evidence to prove title was within the reach of the respondents, and they were, perhaps, misled by the ruling of the court as to the competency of the evidence offered on that subject.

Reversed, and remanded for a new trial.

RUDKIN, CROW, and ROOT, JJ., concur.