SALGADO, APPELLANT, *v.* REGISTRAR OF SAN JUAN, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Denying Admission to Record of a Certificate of Sale at Public Auction.

No. 351.—Decided February 26, 1918.

ADMINISTRATIVE APPEAL—TAX SALE—CERTIFICATE OF SALE—SUPPLEMENTAL CERTIFICATE—RECORD OF TITLE—DEFECTS.—An additional certificate of a collector of internal revenue is not the proper way to cure defects in the original certificate issued by the same collector attesting the sale at public auction of a certain property for the payment of taxes and presented in the registry for record.

ID.—ID.—ID.—MORTGAGE—ATTACHMENT—NOTICE.—Under section 315 of the Political Code a certificate of sale of real property for the payment of taxes issued by a collector of internal revenue must show that the respective holders of a mortgage and of recorded attachments on the property were notified of the sale.

ID.—ID.—ID.—PRESUMPTION.—A purchaser taking title from a sale for the payment of delinquent taxes must show that every preliminary step required by the law has been followed, and generally he cannot rely upon the presumption that a public official has complied with the law.

The facts are stated in the opinion.

*Mr. Enrique Rincón Plumey* for the appellant.

The respondent did not appear.

MR. JUSTICE WOLF delivered the opinion of the court.

The collector of internal revenue for San Juan issued a certificate dated July 21, 1916, wherein he recited that on the said 21st day of July, 1916, José Salgado Jiménez bought at public auction, after attachment and sale for failure to pay taxes in the sum of $9.63, a certain property; that the said property was sold to the said José Salgado Jiménez for the sum of $9.63, which was the best offer made. The

property was described in the certificate as having belonged to Pedro Figueroa and as having certain boundaries; that the said property was not recorded in the registry of property, but that the attachment was duly recorded in the "Attachment Book" in favor of The People of Porto Rico in the municipality of San Juan.

The record of this certificate when presented to the registry of San Juan was denied on the ground that the property did not appear to be recorded as described in the certificate, either in the name of the debtor, Pedro Figueroa, or of any other person.

Then the appellant presented an additional certificate from the collector of internal revenue wherein the latter stated that from an investigation made by him the lot described in the original certificate was the same as that described in the registry of property under the name of Pedro Figueroa Boisson. Indeed, the description appearing in the original certificate and the description as apparently taken from the registry of property contained in the additional certificate are substantially identical as to boundaries, differing only in that the property described in the first certificate was said to be 3,371 square meters, while in the second certificate 3,365 square meters were mentioned.

In passing we may say that in the record before us we only know what the registry shows by reason of the statement made in the said additional certificate. In spite of the additional certificate, record of the title was refused in the following note:

"Record of the foregoing documents is denied because the property referred to in the certificate of sale is not identified with that recorded in the registry and if for that reason it should be implied that the same is neither recorded nor encumbered, it would be presumed unnecessary that the office of the Collector of Internal Revenue for San Juan should have notified of the proceedings the persons interested in the redemption of the property, but, since the additional certificate states that the property sold at auction is the one recorded, which appears encumbered with a mortgage for one thousand dollars

in favor of Ignacio T. Peñagarícano y Umpierre, with an attachment promoted by Paulino Pumarada and by another attachment in favor of Lucas Méndez, and as it does not appear that the said creditors have been notified of the proceedings—a requisite which is deemed necessary in the latter case, inasmuch as the certificate of sale was amended as to the description of the property sold at auction, and thus the record of such certificate would imply the cancellation of the aforesaid encumbrances—a cautionary notice has been entered in lieu thereof for the legal term at folio 121, volume 20 of Santurce Norte, property number 876, annotation letter C. Record of the lot measuring 200 square meters, which appears from the registry as segregated from the above-mentioned property, is also denied because the same is recorded in favor of a person other than the debtor, a cautionary notice having been entered for the legal term in the same entry. Notice is taken of a curable defect consisting in the failure to express the personal status of the vendee.''

Now, while this note is not as clear as it might be, it appears that the registrar was still insisting that the property was not identified in the original certificate of sale. Perhaps the registrar meant that a subsequent additional certificate was not the way to cure a defect in the original certificate, which described the property as unrecorded. An additional certificate is not the proper mode to cure a defect, and we doubt if the collector has any power to certify about anything that does not appear from his own records. The doubt is increased by the fact that the additional certificate was made on October 23, 1917, or fourteen months after the original certificate. We also entertain some doubt whether the registrar did not have enough in his records to identify the property, but the parties accepted the first refusal without appealing. If the defect were curable at all, it could not be done by an additional certificate. We incline to the idea that the collector should have made an entirely new certificate.

Appellant maintains that it was unnecessary that it should appear that the owners respectively of a mortgage and an attachment recorded had been notified of the sale of the land, inasmuch as the law presumed that official duty had been performed. It is needless to examine elaborately the

extent of this alleged presumption nor how far presumptive evidence makes it unnecessary to present proof to the registry. Generally, a fact should be established and not be susceptible of proof in opposition if titles are to be certain. It will be noticed that presumptions, like that of property being ganancial, are against individual ownership, which requires strict proof. In the registry there is no proof in opposition. However this may be, presumption that official duty has been performed applies more particularly to the incidents of a particular act and may not be used to establish a particular positive fact. 16 Cyc. 1078. No presumption, it has been held, will be indulged that an officer acting under a naked statutory power, with a view to divest, upon certain contingencies, the title of a citizen, has done his duty and complied with the law; the purchaser, relying upon the execution of the power, must show that every preliminary step prescribed by the law has been followed. *Keane* v. *Connovan,* 21 Cal. 291, 82 A. D. 738 (a tax case opinion by Mr. Justice Field); 10 R. C. L. 881; *Hemeric* v. *Alvarado,* 90 Cal. 444; *Hannah* v. *Chase,* 4 N. D. 351, 50 A. S. R. 656; *Telfener* v. *Dillard,* 70 Tex. 139.

The provision of the law relied on by the registrar is section 315 of the Political Code which, in its concluding sentences, is as follows:

"In all cases where real estate is embargoed and sold for the payment of taxes the Treasurer of Porto Rico shall notify all persons having a mortgage or other lien on said property of record of such sale and in such notice shall state the date of the sale, the amount for which the property was sold, and such other facts as he may deem advisable."

To vest the title in the purchaser under a tax sale it was necessary to show that these steps had been taken.

The note of the registrar must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.