JOSEPH BELL, adm'r of ———— PORTER, *v.* ABEL BARRON
and ASA BARRON.

Where, in an ancient deed, conveying several lots of land, the grantors described themselves as heirs of a deceased person who owned the lands at the time of his decease, and the grantee of such heirs conveyed different lots of the same lands to different persons, who continued for thirty or forty years in quiet possession, such sale and possession is proper testimony to prove that the persons so describing themselves as heirs were in fact the heirs of the person deceased.

TRESPASS, for breaking and entering plaintiff's close.

Plea, not guilty, and trial by jury.

On the trial in the county court, the plaintiff, to prove title in his intestate, introduced the original charter of the town in which the land lies, and subsequent mesne conveyances from the grantees in said charter to one William Smith, conveying the land in question together with several other lots, which were admitted without objection, and testimony to show that said Smith was dead, and then offered a deed from certain persons, in which the grantors describe themselves as the widow and heirs of said Smith, to Porter, the plaintiff's intestate. To the admission of this deed the defendants objected, because it did not appear that such grantors were in fact the widow and heirs of said Smith. The plaintiff then introduced testimony tending to prove that various persons had purchased other lots of land of said Porter, which were conveyed to him by the same deed, and had remained in the quiet possession of their lots for thirty or forty years, to which testimony the defendants objected ; but the objection was overruled and the testimony admitted.

In relation to this testimony, the court instructed the jury that they could not find for the plaintiff unless they were convinced, from the testimony, that the persons who executed said deed were in fact the widow and heirs of said William Smith, deceased.

The jury returned a verdict for the plaintiff, and the defendants excepted to the charge of the county court.

*O. P. Chandler,* for defendants.

The testimony to show that other persons, to whom Porter, in his life time, had conveyed a part of the lands speci-

Windsor,
February,
1842.

Bell, adm'r of
Porter,
*v.*
Barrons.

fied in the deed to Smith, and that Porter's grantees had remained for thirty years or more in possession, was irrelevant, not tending to prove the issue.

It is not competent to prove possession of one lot in order to raise a presumption of title in another lot of which there was no possession.

The fact that these lots were all included in the same deed to Porter, places the case in no better light than if Porter had thus held the possession, or than if Porter's grantors had thus possessed these lots.

The fact that the grantors set themselves up as heirs makes nothing, as neither they, nor those claiming under them, can avail themselves of such recital.

The case then stands thus : the grantors of Porter claim title to several lots, and ask to show possession to some of the lots, only, as raising presumption of their title to others not occupied, which we think is inadmissible.

*Tracy & Converse* and *L. B. Peck*, for plaintiff.

The defendants have no ground to complain of the ruling of the court below. The recital in the deed in question, that the grantors were the widow and heirs of William Smith, is *prima facie* evidence of that fact, the deed being of ancient date. *Little* v. *Dalister*, 4 Greenleaf, 209. *Stokes* v. *Dawes*, 4 Mason, 268. *Jackson* v. *Cooley*, 8 Johns. R. 128. *Morris' Lessee,* v. *Vanderen,* 1 Dallas, 64. But when evidence was given, in connection with this, that possession had been taken and held for more than thirty years of a portion of the lands passed by the deed, under conveyances made by the intestate, it would seem that the question is placed beyond a doubt. In cases of pedigree, evidence of a slight character is sufficient, such as entries in a family bible, inscriptions upon grave stones, and the declarations of persons acquainted with the family. The proof of possession, in the case at bar, is of a more decisive character. It is difficult to imagine a circumstance, tending more strongly to satisfy the mind that the grantors were the widow and heirs of *William Smith*, than a quiet occupancy, for nearly half a century, of several lots under this very deed. *Jackson* v. *Russell*, 4 Wend. 543. *Johnson* v. *the Earl of Pembroke*, 11 E.

503.  7 T. R. 3, n. a.   Matthews' Presumptive Ev. 280, 289, 290.

WINDSOR,
*February,*
1842.

Bell, adm'r of
Porter,
*v.*
Barrons.

The opinion of the court was delivered by

ROYCE, J. — In this case, the plaintiff undertook to show that the title, which once belonged to William Smith, had been acquired by Porter, his intestate, under the deed of certain persons professing to be the widow and heirs of said Smith. And the question to be determined is whether the evidence received by the county court, to prove that those persons were the widow and heirs of Smith, was legally admissible for that purpose.

Those facts which go to make out a title by descent should be shown, like all others at issue in a court of law, by the best evidence of which the case, under its circumstances, will reasonably admit. It would, therefore, be required, where the facts were not ancient, that they should be proved by primary and direct evidence. But, in questions of this kind, the facts to be established are frequently of so remote a period that living witnesses cannot be called to testify directly to them. Under such circumstances, evidence of a less direct and positive character must of necessity be received, and any facts may be shown, to establish the heirship, which have a just and legitimate tendency to convince the mind. Hence it has long been settled, that, in tracing a distant pedigree, entries of births, marriages and deaths in the family bible, inscriptions on tomb-stones, declarations of deceased persons, who were members of the family, or in habits of peculiar intimacy with them, and even, as sometimes held, contemporaneous hearsay are competent evidence.

The question at present is whether the recital in the deed to Porter, that the grantors were the heirs of Smith, should have been received as evidence properly tending to show that fact. In an ordinary case, such a recital in a deed poll would be treated as a mere declaration of the party executing the deed. As such it might operate as evidence against him, and those claiming under him, but not as evidence to affect other persons. Yet, in cases of pedigree, such recitals, as well as the act of executing and acknowledging a deed in the character of an heir, have sometimes been regarded as matters entitled to be weighed by a jury, like the other spe-

WINDSOR,
*February,*
1842.

Bell, adm'r of
Porter,
*v.*
Barrons.

cies of acts and declarations already mentioned.    Notes to Stark. Ev., vol. 1, 169, and vol. 3, 1116.    But, however it might be with such a recital uncorroborated, we have no doubt that it may, from subsequent events, acquire the force of testimony to affect third persons.    And we think the present a strong case to illustrate the rule.    It is the same, in effect, as if the grantors, in the deed to Porter, had conveyed from time to time, in the professed character of heirs of Smith, to the several persons to whom Porter conveyed ; or as if those grantors had entered upon the lands so conveyed, and held them in the character of heirs for thirty or forty years.    The silence and acquiescence of all other persons, for so long a period, very strongly fortifies the conclusion that those grantors were in truth the heirs of Smith.    We therefore consider that the recital in that ancient deed, in connection with the conveyances and possessions under it, was correctly admitted in evidence.

Judgment affirmed.