EVERETT v. BROWN ET AL.

1. **Chattel Mortgage:** DESCRIPTION OF PROPERTY TO BIND THIRD PARTIES: PAROL EVIDENCE TO AID. If from the description contained in a chattel mortgage the mind is directed to evidence whereby it may ascertain the precise thing conveyed, the instrument is valid; *(Smith v. McLean,* 24 Iowa, 322; *Hayes v. Wilcox,* 61 Id., 732;) and in such case parol evidence may be used in aid of inquiries suggested by the description itself; *(Rowley v. Bartholemew,* 37 Iowa, 374; *Ivins v. Hines,* 45 Id., 73;) but the recording of a chattel mortgage conveying "sixty head of hogs," without more, is insufficient to impart to an attaching creditor of the mortgagor notice of the mortgagee's interest in the property.

*Appeal from Polk Circuit Court.*

WEDNESDAY, OCTOBER 8.

ACTION upon a bond given to discharge property seized under a writ of attachment. The cause was tried to the

court without a jury, and judgment rendered for defendant. Plaintiff appeals.

*Mitchell & Dudley*, for appellant.

*Barcroft, Bowen & Sickmon*, for appellees.

BECK, J.—I. As a defense to the action, defendants pleaded that the principal in the bond was the owner of the property seized under the attachment, by virtue of a chattel mortgage before executed to him by the defendant in attachment. The case was determined upon the issue raised by this defense. The court found specially the execution and recording of the chattel mortgage, in which the property intended to be conveyed is described in the following language: "Eleven head of cattle, as follows: one cow, nearly all red, a little white; one red heifer; one white and red heifer; one black and white heifer; one pale red heifer; two red and white heifers; three bull calves (fall calves); one yearling spotted steer, making eleven head; sixty (60) head of hogs; one small sorrel mare." The property taken upon the attachment is described as "forty fat hogs, four brood sows and twenty-four pigs." Other facts entitling defendants to recover, if the chattel mortgage sufficiently described the property, were specially found by the court.

As a conclusion of law, the court found that the description of the hogs in the mortgage was sufficient, aided by inquiries suggested in the instrument, to identify them, and that the registry of the instrument imparted notice of the rights of the mortgagee, and that the identity of the property was established by parol evidence, which was competent for that purpose.

II. The sole question in the case is this: Did the mortgage, being recorded, impart notice of the transfer of the property in question?

The mortgage contains literally no description, fact or circumstance in the remotest degree pointing out or indicating

the specific hogs intended to be transferred, nor does it indicate directly or indirectly inquiries which would lead to the identification of the hogs. The place where they were kept, their ownership, or other matter of that character, are not indicated. It is simply stated that "sixty hogs" are transferred, and this statement would apply to the same number of hogs of any age, size and description, wherever they might be found. We have held that "if, from the description contained in this instrument, the mind is directed to evidence whereby it may ascertain the precise thing conveyed, if thereby absolute certainty may be attained, the instrument is valid;" otherwise it is void as to third parties for uncertainty. *Smith & Co. v. McLean*, 24 Iowa, 322; *Hayes v. Wilcox*, 61 Id., 732. There is absolutely nothing found in the instrument directing inquiry whereby the identity of the hogs conveyed with the hogs attached could be established.

III. Counsel for defendants insist that the mortgage pointed out the fact that the hogs conveyed were owned by the mortgagor, and, therefore, inquiry would be directed to him to ascertain what hogs were owned by the mortgagor at the time the instrument was executed. Without holding that, if the mortgage alleged or recited that the mortgagor owned the hogs, it would be sufficient to raise inquiry as to the identity of the property, we may call attention to the fact that no such allegation or recitation is found in the mortgage, or may be inferred from anything it contains. The mere fact that the mortgagor conveys the property mentioned does not authorize the inference that he owns it; that it is in his possession; or in fact that it actually exists. Men often convey property that they do not own or possess, and it sometimes happens that instruments purport to transfer property that has no actual existence.

IV. Counsel for defendants, in support of their views, cite *Rowley v. Bartholemew*, 37 Iowa, 374, and *Ivins v. Hines*, 45 Id., 73. Neither case has the effect claimed for it. Both simply hold that, when an instrument conveying

property suggests inquiry which will result in its identification, parol evidence is competent to show such facts discovered upon such inquiry.

In our opinion the circuit court erred in holding that the chattel mortgage is valid, and imparted notice to the plaintiff of the rights claimed by the mortgagee. The judgment appealed from in this case must be

REVERSED.