JOSEPH R. ROBERTSON v. THE ROCK ISLAND LUMBER AND MANUFACTURING COMPANY.

No. 14,635.   (85 Pac. 799.)

SYLLABUS BY THE COURT.

EJECTMENT—*Evidence of Title—Deed—Stranger in Possession.* Where the title to real property is shown to have vested in seven trustees for the benefit of a church, a deed subsequently executed by two of these trustees and two other persons, the four assuming to act in behalf of the church, in the absence of any showing that these two other persons were in fact trustees, or that the four had authority to bind the church, is no evidence of title when offered against a stranger to the deed, who is in possession, by one who fails to show that either he or any one through whom he claims ever had possession.

Error from Harper district court; PRESTON B. GILLETT, judge. First opinion filed June 9, 1906. Affirmed. Rehearing allowed July 7, 1906. Second opinion filed November 10, 1906. Reaffirmed.

*G. W. Appley, Sam S. Sisson, T. A. Noftzger, Chauncey C. Brown,* and *Milton Brown,* for plaintiff in error.

*Fred Washbon,* and *Dale & Amidon,* for defendant in error.

The opinion of the court was delivered by

MASON, J.: Joseph R. Robertson brought an action against the Rock Island Lumber and Manufacturing Company for the possession of a city lot. The plead-

ings were an ordinary petition in ejectment and a general denial admitting possession. A trial was had at which the plaintiff, having shown that title had been conveyed to seven persons as trustees of the "1st M. E. Church of Harper," introduced in evidence a deed made about a year later to John B. Carey, signed by two of the individuals named as such trustees in the prior conveyance and by two other persons, these four being described in the deed to Carey as trustees of the "M. E. Church of Harper," and professing therein to act for such church. He then proved by a series of deeds that he had succeeded to whatever title Carey had held, and rested. The court sustained a demurrer to this evidence, and the plaintiff prosecutes error.

For the purpose of establishing that the church referred to in the deed to Carey was presumptively the organization named in the prior conveyance, the plaintiff in error contends that the same designation is in fact employed in each case—that the marks occurring in the conveyance to the trustees preceding the words "M. E. Church," which in the foregoing statement are assumed to be "1st," or the equivalent of the word "first," are in reality meaningless or unintelligible. To enable the court to judge of the force of this contention a photographic copy of the original instrument is incorporated in the record. From an examination of this copy it seems beyond question that the interpretation already adopted is the correct one. The variation in the name is trifling, and certainly no great amount of evidence would have been required to show that the same church was in fact intended. But whether from the similarity of names employed and from the partial correspondence in the designation of trustees a presumption to that effect can be deemed to arise in favor of one who is out of possession, and who does not show that either he or any one through whom he claims ever had possession, and against one who is in the present occupancy of the lot, is at least doubtful. However, this question need not be determined. Granting that

.the same church was intended, plaintiff's showing of title failed at another place.   The record does not indicate whether the church was a corporation or a mere voluntary association, but in either case the title was vested in trustees for its benefit and could only be devested by the action of persons who were in fact its trustees.   Two of the persons who signed the deed to Carey were sufficiently proved to be trustees of the church by their having been so designated in 'the conveyance to the church or to the trustees for the church.   But there is no evidence whatever that the other two signers were such trustees or that the four together had any authority to pass the title.   The recitals of the deed constituted no evidence, for the defendant was a stranger to it.   (*Kelley v. McBlain,* 42 Kan. 764, 22 Pac. 994; *Mordecai v. Beal,* 8 Port. [Ala.] 529; 13 Cyc. 612; 24 A. & E. Encycl. of L. 60; 16 Cent. Dig. c. 327; 20 Cent. Dig. c. 1976.)

If the plaintiff had been in possession under the deed, or if any fact had been shown from which the authority of the grantors might have been inferred, a different question would be presented.   The judgment is affirmed.

All the Justices concurring.

---

### OPINION ON REHEARING.

*Per Curiam:*  In this case upon a first hearing the judgment of the trial court was affirmed.   Thereafter a rehearing was asked upon the ground, among others, that due notice had not been given to the attorneys of the plaintiff in error of the setting of the case.   It was found that there had been a partial omission in this respect, and largely upon that account the petition for a rehearing was granted.   After giving full consideration to the arguments presented at the second hearing the court is still of the opinion that the case was rightly decided, and the judgment is therefore reaffirmed.