Dyer v. Marriott.

---

H. G. DYER, *Appellant*, V. ADA M. MARRIOTT et al.; *Appellees.*

No. 18,130.

SYLLABUS BY THE COURT.

1. RECITALS OF HEIRSHIP IN DEED—*Not Binding against Strangers.* Recitals of heirship in a recent deed are not binding against strangers to the instrument.

2. VOIDABLE TAX DEED—*Party Attacking Must Show Title in Himself.* A defendant in a foreclosure suit who claims title and seeks to set aside a tax deed and conveyances thereunder and oust the holder from possession, must show some title to or interest in the land before being entitled to such relief.

Appeal from Greeley district court. Opinion filed May 10, 1913. Reversed.

*W. M. Glenn,* of Tribune, for the appellant.

*D. R. Beckstrom,* of Tribune, for the appellee.

The opinion of the court was delivered by

WEST, J.: The plaintiff sued to foreclose a mortgage on the land in controversy and recovered judgment, personal service having been made upon the mortgagor and publication service upon the present defendant, who thereafter procured the judgment to be opened up and answered that she was the owner of the title

in fee simple, denying that the mortgagor had any interest in the land except that given by a tax deed which she alleged was void, and prayed that the tax deed be set aside and that all parties claiming thereunder be barred and enjoined from setting up any title to the land. A trial resulted in a judgment in her favor except that the plaintiff was given a first lien for taxes. The plaintiff appeals and asserts that the defendant was not entitled to judgment because she failed to prove title in herself.

She offered in evidence a deed to the heirs of Cornelius C. Barber and then a deed from Jennie C. Barber, which deed recited that Jennie C. Barber was the duly appointed and qualified executor of the last will of Cornelius C. Barber and that by the terms thereof she was named as executor and residuary legatee as heir at law of Cornelius C. Barber. Plaintiff contends that there was no evidence to show that Jennie C. Barber held the title which she warranted to the defendant's grantor; that the mere recitals of the deed were not proof; and there being no other the defendant failed. The defendant contends that she did not come into court for the purpose of attacking the tax deed, but that she was forced into court and simply defended her own title; that the court did not grant her any relief, but simply restored to her what she had before the tax deed was issued, subject to a lien for the taxes, and that it is only in case of a direct attack upon a tax deed that the attacking party must have an interest in the property. She also argues that there is nothing in the record to show that the plaintiff alleged either title or possession in herself as against the defendant, or that she offered any evidence in support of her claim for affirmative relief. The plaintiff asserts in her reply brief that the defendant in the third defense of her answer alleged possession in the plaintiff and asked judgment for rent.

Having sent for the transcript and obtained instead

a copy of the answer, it may be as well to give a short history of the case as gathered from the record.  In September, 1907, a tax deed was issued to W. M. Glenn.  Glenn conveyed to Gerard, who gave a mortgage back, which mortgage was assigned by Glenn to the plaintiff, Dyer.  In October, 1910, this mortgage was foreclosed, and in January, 1911, the appellant filed her motion to be let in to defend, and there being no objection she filed her answer, alleging that she was a resident of Ohio, that Gerard, Glenn and Dyer had all the time since September 12, 1907, excluded her from the possession and control of the land, and had ever since claimed ownership and right of possession, although in fact having no such right; that the whole proceeding was based upon the tax deed, setting forth many reasons why this instrument was void. In another part of the pleading she again alleged that the parties named had retained possession of the property and excluded her from the rents and profits thereof, and that as the result of such adverse possession held by such parties she had been damaged in the sum of $2 an acre since the issuance and execution of the tax deed, in the total sum of about $80, which sum she alleged constituted a legal set-off against any claim for taxes.  She prayed for possession, that the tax deed, the conveyance by Glenn, the mortgage to him and the assignment by him be set aside and held for naught, and that Gerard and Dyer and Glenn and every one claiming under them be forever barred and enjoined from asserting or setting up any title, claim or interest in or to the land, and that her title be decreed valid and perfect, and that she be adjudged to have a legal set-off in the sum of $80, together with an aditional sum of $2 a month from the date of filing the suit until final determination, against any sum found due for taxes, and that she recover her costs, and for such other and further relief as to the court might seem just and proper.

The plaintiff appears to assume that having been for several years in possession under a tax deed, the latter could not be attacked by the defendant without actually showing some title to the land. The defendant seems to contend that, having been attacked by the holder of a void tax deed who had made her a party to the foreclosure, alleging that she claimed some interest, she was not required to show much of a title, if any, in order to resist the groundless attack of the plaintiff. The pleading already quoted from places the defendant in the attitude of having admitted possession for a number of years in her adversary, under the tax deed in question; and having prayed that such possession be restored to her, together with damages for its detention as well as a decree quieting title in her or at least barring the other parties, she was under obligation to show at least some title to the land. In *Ordway v. Cowles,* 45 Kan. 447, 25 Pac. 862, it was held that the plaintiffs in a foreclosure suit who attacked certain tax deeds set up by an interpleader and asked that the title be quieted against them should show some title in the mortgagor. There, in a suit against the mortgagor, Ordway was made a party upon his own motion and alleged ownership and possession under certain tax deeds duly executed, to which the plaintiffs replied that the tax deeds were void and asked to have their title quieted. The trial court ruled that the burden was upon Ordway, and this was held proper. It seems that the mortgagee failed to prove a chain of title from the government down to the mortgagor, and the court said:

"We think from the nature of the issues made by the pleadings, that the plaintiffs below should have shown title in the mortgagor, before they were entitled to a decree. (Citing authorities.) Again, the title to the mortgaged premises being in controversy, and the plaintiffs asking that the cloud of the tax title might be removed, they should recover on the strength of their own title; and, under the circumstances of

this case, we think the chain should have been complete in the mortgagor. A person should have a reasonably clear title, to maintain an action to have a cloud upon his title removed. He must proceed upon the strength of his own title, and not the weakness of his adversary." (p. 450.)

In *Parker v. Vaughn,* 85 Kan. 324, 116 Pac. 882, a suit was brought to quiet title against one who, if alive, held the patent title, and against his unknown heirs if the patent holder were dead. Doty, the grantee in a conveyance executed after the suit was begun, by those who were the heirs if such death had taken place, was held to occupy the position of an original defendant. Having been made a defendant upon his own application, he filed an answer and cross-petition alleging, among other things, an ownership of an undivided third, and prayed for partition. The plaintiff in reply set out a tax deed which the party mentioned replied was void. At the conclusion of the plaintiff's evidence Doty dismissed his cross-petition. The plaintiff then admitted that the tax deed was void, subject to the objection that Doty had no standing to raise the question. Doty then introduced certain evidence touching the absence of the patent title holder and the court gave a decree to the plaintiff barring Doty, who appealed. It was said in the opinion that the rule that one without interest in the property can not attack a tax deed refers to an attack by which affirmative relief is sought. "Doty, having dismissed his cross-petition, is in the attitude of an ordinary defendant." (p. 327.) It was pointed out that as the plaintiff had brought his suit in the alternative and Doty had come into the case occupying the position of the heirs if the patent holder were dead, he ought not to be allowed to have a bad tax deed decreed good as against Doty, and it was said:

"He still has his tax deed, which will become unassailable unless attacked in due time by one who can show an interest in the property. If George Vaughn

is alive, the plaintiff's title is already perfected by the judgment against him. If he is dead, the plaintiff is not wronged by being denied a judgment against others on the theory that he is still living. . . . Doty, of course, is not to be given a right to redeem or any affirmative relief." (p. 328.)

We think, under the circumstances of this case, that a tax deed having been issued in 1907 and conveyances and possession thereunder having followed for a number of years, the defendant was not in a position to assail by way of cross-petition and prayer for affirmative relief such tax deed and possession without showing some substantial sort of interest in the land. Her title depended absolutely on the deed from Jennie C. Barber, and the only evidence by which it was sought to show that Jennie C. Barber had any title to convey consisted of the recitals in her own deed. These were to the effect that Cornelius C. Barber, the original entryman, died in 1875, leaving a will, that Jennie C. Barber was appointed and qualified as executor and named as executor and residuary legatee in the will as heir at law of Cornelius C. Barber. If all of these recitals had been proven by competent evidence, they would have fallen far short of showing title in the maker of the deed. The fact that she was heir at law did not show title because the will may have devised the property to some one else. Being residuary legatee gave her no title because there was nothing to show what the residuum consisted of. There was nothing to indicate that she was authorized to convey any of the estate as executor, nor did she so execute the deed, but as grantor. In an ancient deed a recital of heirship is sometimes competent when followed by long possession and acquiescence which show a recognition of such heirship. (*Bell, adm'r of Porter, v. Barrons,* 14 Vt. 307; 2 Wigmore on Evidence, § 1573; 2 Wharton, Law of Evidence, § 1041.) But ordinarily recitals in a deed are not evidence against a stranger.

"It is very certain when one attempts to derive title

to land through the heirs of a former proprietor, the fact of heirship must be proved.  This can not be done by a recital, merely, in the deed, epecially where the deed is of recent date, which, at most, amounts to a mere *claim* of heirship."  (*Potter v. Washburn,* 13 Vt. 558, 564.)

."The recitals in the deed to William Costello, that the grantors therein are the heirs at law of John Bennington, deceased, are not competent evidence either of his death or their heirship.  These recitals are not part of the conveyance, and they are no more competent as evidence in this controversy of the facts stated than they would be if embodied in any other writing signed by the parties."  (*Costello v. Burke,* 63 Iowa, 361, 364, 19 N. W. 247.)

"The recitals of the deed do not bind plaintiffs, who are not privies of the grantor, but claim adversely to him.  (1 Greenleaf on Evidence, § 23; *Carver v. Jackson,* 4 Peters, 1.)   Defendant, in order to establish title under this deed, must, in addition to introducing it in evidence, prove the will, the probate thereof, and lawful proceedings ending in the execution of the deed."  (*Miller et al. v. Miller et al.,* 63 Iowa, 387, 389, 19 N. W. 251.)

(See, also, *Robertson v. Lumber Co.,* 74 Kan. 117, 85 Pac. 799, and cases cited.)

Although the judgment only set aside the tax deed together with all conveyances based thereon and gave a lien for the amount of taxes due and ordered sale if not paid within sixty days and did not affirmatively quiet the title in the defendant or give her the damages prayed for, it did, nevertheless, give her substantially the relief sought.  This could only be done upon her showing some title to the land.

Having failed to show this, the judgment is reversed and the cause remanded for further proceedings.