### No. 12,306.

South Denver Bank v. Guardian Trust Company

Decided May 27, 1929.

Mr. John Horne Chiles, Mr. Jacob L. Sherman, for plaintiff in error.

Mr. John E. Rinker, for defendant in error.

*In Department.*

Mr. Justice Campbell delivered the opinion of the court.

This is an action by the South Denver Bank, plaintiff below, plaintiff in error here, to recover from the Guardian Trust Company, as administrator of the estate of N. S. Clarke, deceased, the possession of an automobile. By stipulation of the parties trial was by the court without a jury and at the close of the plaintiffs' evidence the trial court sustained the defendant's motion for nonsuit and dismissed the action at the cost of the plaintiff, which is here with its writ of error. The automobile was in the possession of Nicholas S. Clarke at the time of his death. When the defendant trust company qualified as administrator of his estate it took and retained possession thereof and was still in possession at the time of this trial.

The undisputed facts briefly stated and as summarized by the trial court are to the effect just stated. The court also said that the evidence in behalf of the plaintiff was not only very obscure but, in legal effect, no evidence at all of its right to the possession of the motorcar. The facts upon which the plaintiff relied are that the witness Stanton, who seems to have had a garage or was dealing in automobiles, applied to the plaintiff bank for a loan of $1,800, on which loan there had been a payment by Stanton of $875, leaving a balance due of $975 at the time this action was brought. Stanton executed

and delivered to the plaintiff a chattel mortgage upon this car as security for the payment of the note. The automobile, from the time of the death of Clarke until the beginning of the trial, was, and still is, in possession of the defendant administrator. There was an attempt by plaintiff to prove that, at the time the loan was made and the mortgage was given, Stanton claimed to be the owner of the car and had a certificate of ownership. Over the objection of the defendant, plaintiff was permitted to prove that Stanton actually had or showed to the plaintiff at the time the loan was made, such a certificate. There was an attempt to do so, but the cross-examination of the president of the plaintiff bank discloses that he does not testify that any such certificate was ever shown to him or that he ever saw it or that the mortgagor Stanton ever produced it or had it in his possession.

At the close of all the evidence the court observed that there seemed to be some mystery surrounding this transaction and that it was apparent that something was being concealed from the court or that a full disclosure of the facts was not made. The defendant administrator objected to the introduction of any evidence at all, but the court admitted it only on the condition that Clarke, in whose possession the automobile was at the time of his death, in some way was connected with the transaction out of which the suit arose. The court, after all the evidence was in, stated that no such connection was established. Neither the note nor mortgage was signed by Clarke. Clarke had possession at the time of his death of the car and the administrator upon qualification has had the car in its possession continuously up to the time of the trial. The court held that there was no evidence at all upon which the court could enter judgment for the plaintiff. Indeed, the trial court struck out all the evidence that was offered by the plaintiff because of the fact that Clarke was in no wise thereby connected with this transaction. There were no exceptions to this rul-

ing of the court. The court further held that it is doubtful if the plaintiff was entitled to maintain the action at all without permission of the county court in which the estate of Clarke was then in process of administration.

The record does not show that the plaintiff excepted to the ruling on the motion for nonsuit or to the judgment of dismissal entered thereon. However that may be, in no event is the plaintiff in error entitled to any relief. In the complaint itself is an allegation that the automobile was in possession of the defendant administrator. This possession of itself was evidence of ownership as, unexplained, the possession is presumed to be based upon ownership. There is not the slightest evidence in this record that Stanton, the maker of the note and mortgage, was ever rightfully, or at all, in possession of this automobile either as owner or otherwise, except by his own indefinite and uncertain claim that he had a certificate of ownership. There was no proof of such a certificate and there is no statement of any kind by any of the witnesses that such imaginary or supposed certificate was signed by Clarke. The original, if it ever existed, was not produced and no attempt on the part of plaintiff was made to get a certified copy from the public office where, if the certificate existed, it should have been filed. §§1370, 1371 C. L. 1921. If it be said that at some time at Stanton's place of business he had temporary possession of this automobile, either for repairs or for any other purpose, and afterwards gave the plaintiff a mortgage on it, he did so without any right whatever. The automobile, having been in possession of Clarke's administrator at the time this suit was brought, there is not the slightest evidence in this record even tending to show either ownership of, or right of possession in, Stanton or the plaintiff bank, or any other person or corporation, except the defendant bank as administrator.

The judgment is obviously right, and it is therefore affirmed.

Mr. Chief Justice Whitford, Mr. Justice Adams and Mr. Justice Alter concur.