## No. 18,095

F. B. BUTIN, ET AL. *v.* PAUL ROTHMAN, ET AL.
(312 P. [2d] 783)

Decided June 17, 1957.

Mr. EMORY L. O'CONNELL, for plaintiffs in error.

Mr. JOHN T. DUGAN, for defendant in error.

*In Department.*

Mr. Justice Hall delivered the opinion of the Court.

We will refer to the parties as they appeared in the trial court where plaintiffs in error were defendants and defendant in error, Paul Rothman, was plaintiff. Defendant in error L & H Coffee Shop and Tavern, Inc., is no longer a party to the proceedings.

Plaintiff brought an action in replevin to obtain possession of personal property consisting of tavern furniture, fixtures, equipment and utensils then in possession of defendants; plaintiff claims he is entitled to possession of the property by virtue of a chattel mortgage executed by L and H Coffee Shop and Tavern, Inc., as mortgagor, said mortgagor having defaulted in payment thereof. Defendants deny plaintiff's right to possession and allege ownership and the right to possession in themselves. Trial was to jury. The plaintiff was called as a witness to testify in his own behalf; a review of his testimony fails to disclose presentation of any facts that might be of appreciable help in determining who is the owner of or presently entitled to possession of the property involved. Plaintiff offered, and secured the admission in evidence of a past due and unpaid promissory note payable to plaintiff, and a document labelled "Chattel Mortgage," both executed by L and H Coffee Shop and Tavern, Inc. This "Chattel Mortgage" described the property taken in replevin. No evidence was offered showing title or right of possession in L and H Coffee Shop and Tavern, Inc. Plaintiff also called defendant, F. B. Butin, as a witness and subjected him to cross examination. The purpose of this cross examination, if any, remains obscure, the witness divulging nothing to help plaintiff's cause. During this cross examination the trial judge made the following statement:

"THE COURT: (Addressing plaintiff's counsel) I do not know what your purpose is in cross examining this man now. *You have made a prima facie case.*" (Emphasis supplied.) and later,

"THE COURT: The court believes it has discretion to control the order of the introduction of evidence in this case and examination of witnesses, and we believe that the matters being gone into by Mr. Dugan at this time under the Rules which permit the calling of an adverse party for leading questions *is disrupting the trial and we order that examination discontinued.*" (Emphasis supplied.)

Thereupon the plaintiff rested.

Defendants moved for a non-suit and assigned as grounds therefor (1) the invalidity of the "Chattel Mortgage"; (2) the failure to show any title in the mortgagor, L and H Coffee Shop and Tavern, Inc. The motion was denied and defendants elected to stand on their motion. The court thereupon entered judgment awarding possession to the plaintiff.

Defendants are here on writ of error contending that the motion for non-suit should have been granted. We agree that in the then state of the record, the motion should have been granted, but we are confronted with the fact that the trial judge twice interrupted plaintiff in presentation of his evidence, first, by erroneously stating "You have made a prima facie case"; second, by advising plaintiff's counsel during cross examination of a defendant that the cross examination as then being conducted "* * * is disrupting the trial and we order that examination discontinued." These two pronouncements of the trial court may explain plaintiff's failure to prove his case. The first pronouncement was no doubt very comforting to plaintiff's counsel, and as far as the trial court was concerned he might then well have rested. But wanting to be doubly sure, he proceeded further without tangible result and was finally ordered by the trial judge to discontinue further disruption of the trial by cross examination of the defendant. First lulled into a feeling of security, then being admonished to discontinue further cross examination, plaintiff rested without proving his right to possession.

■ The most that can be said of plaintiff's case is that he proved that he held a past due note secured by chattel mortgage upon the property held by defendant, both signed by L and H Coffee Shop and Tavern, Inc., and had demanded possession from defendants. There was no evidence that L and H Coffee Shop and Tavern, Inc., owned the property at the time of the execution of the mortgage, or at all. Plaintiff's counsel and the trial judge apparently assumed that admission in evidence of a promissory note and chattel mortgage executed by a third person, without proof of such third person's title, is sufficient to establish the mortgagee's right to possession and to warrant replevin against a defendant in possession. The rule is otherwise.

■ The burden rested upon the plaintiff to prove his right to possession. The defaulted note and chattel mortgage may have been sufficient to establish his right to possession as against the mortgagor, but it proved nothing as against the defendants in possession. Plaintiff could have no better title than L and H Coffee Shop and Tavern, Inc., makers of the note and chattel mortgage. For some undisclosed reason plaintiff made no effort to show that L and H Coffee Shop and Tavern, Inc., ever owned the property or had any right to possession.

In *South Denver Bank v. Guardian Trust Company,* 86 Colo. 121, 278 Pac. 590, we have a situation very similar to that presented here. The plaintiff, holder of a note and chattel mortgage on an automobile, executed by one Stanton, brought an action in replevin to recover the automobile then in possession of the defendant. Plaintiff produced as evidence the note and chattel mortgage and made a feeble and ineffectual effort to prove that Stanton owned, or had some possessory rights to, the automobile. The trial court granted defendant's motion for non-suit. In affirming the ruling this Court said:

"* * * In the complaint itself is an allegation that the automobile was in possession of the defendant adminis-

trator. This possession of itself was evidence of ownership as, unexplained, the possession is presumed to be based upon ownership. There is not the slightest evidence in this record that Stanton, the maker of the note and mortgage, was ever rightfully, or at all, in possession of this automobile either as owner or otherwise, except by his own indefinite and uncertain claim that he had a certificate of ownership. * * * The automobile, having been in possession of Clarke's administrator at the time this suit was brought, there is not the slightest evidence in this record even tending to show either ownership of, or right of possession in, Stanton or the plaintiff bank, or any other person or corporation, except the defendant bank as administrator.

"The judgment is obviously right, and it is therefore affirmed."

In *Boyd v. Busch, et al.,* (Maryland), 147 Atl. 718, the court said:

"It is a rule of almost universal application in American courts that a stranger to a transaction, not in privity with any party thereto, cannot be bound by anything which the parties to such transaction may do or say. Jones on Evidence, § 282; Dyer v. Marriott, 89 Kan. 515, 131 P. 1185, 45 L.R.A. (N.S.) 93, Ann. Cas. 1915A, 96. While the application of that rule to mortgages or personal property has not been considered by this court, the rule itself was expressly recognized in Nutwell v. Tongue, 22 Md. 444, and Cecil v. Negro Rose, 17 Md. 104. And in other jurisdictions it has been considered and applied in proceedings involving the rights of parties to such instruments. In Gibbs v. Childs, 143 Mass. 103, 9 N.E. 3, 5, an action of replevin by a mortgagee to recover from a stranger a boat which was described in his mortgage, the court said: 'The execution and delivery of a mortgage of personal property are not evidence of title to the property included in the mortgage against a stranger. Such an act is not necessarily an act of dominion over the property itself; and, if there is no

possession of the property by either the mortgagor or mortgagee, it is, with respect to the defendant, res inter alios. The mortgage in this case is not an ancient document. If the execution, delivery, and recording of a mortgage were held to create a prima facie title to personal property against a person in possession, then a prima facie right to the property of another could be created by any one at will. Chaffee v. Blaisdell [142 Mass. 538], 8 N.E. 435 (October 1886). See Perry v. Weeks, 137 Mass. 584.' And in Everett v. Brown, 64 Iowa 420, 20 N.W. 743, 744, in dealing with much the same question it was said that: 'The mere fact that the mortgagor conveys the property mentioned does not authorize the inference that he owns it, that it is in his possession, or, in fact, that it actually exists. Men often convey property that they do not own or possess, and it sometimes happens that instruments purport to transfer property that has no actual existence.' "

In *Rhea Mortgage Co. v. Lemmerman*, (Tex.), 10 S.W. (2d) 690, the court said:

"[3-5] It appears that the car involved was taken from the actual possession of Lemmerman, hence the burden was upon Rhea Mortgage Company to establish a superior right to said property. * * * In order to do so, it was essential that it show a valid mortgage by establishing ownership in Pringle at the time the mortgage was executed. The mortgage introduced in evidence by this company was insufficient of itself as against the claimant to establish ownership in Pringle at the time of its execution. * * *"

In *Musser v. King*, 40 Neb. 892, 59 N.W. 744, the court said:

"The note and mortgage offered did not tend to prove that Musser & Co. were either the owners of, or entitled to the possession of, the property. There was no evidence offered showing that William B. King [not the defendant King] was either the owner or in possession of this property at the time he mortgaged it to Tibbets. The law,

in the absence of all evidence on the subject, will not indulge the presumption that one who made a mortgage upon chattels was either the owner of, or in possession of, such property, at the time he made such mortgage, when the holder of such mortgage seeks to recover possession by replevin of such property from a third party."

Except for the statement of the trial court to plaintiff's counsel: "You have made a prima facie case," and thereafter directing him to discontinue further cross examination of one of the defendants as disrupting the trial, defendant's motion for non-suit was well taken and might have been sustained.

The purpose of a trial being to obtain justice affording all parties an opportunity to be fully heard, the judgment is reversed and the cause remanded for retrial in conformity with the views herein expressed. All costs in this Court shall be assessed against plaintiff.

MR. JUSTICE KNAUSS, MR. JUSTICE SUTTON and MR. JUSICE DAY concur.