ASPEN PROPERTIES COMPANY, a
California Limited Partnership,
Plaintiff–Appellee,

v.

Albert R. PREBLE,
Defendant–Appellant.

No. 88CA0516.

Colorado Court of Appeals,
Div. I.

Aug. 10, 1989.

Myler, Stuller & Schwartz, David J. Myler, Aspen, and Kevin L. Patrick, P.C., Rhonda J. Bazil, Aspen, for plaintiff-appellee.

Schenk, Kerst & deWinter (on the briefs), John R. Schenk, Glenwood Springs, for defendant-appellant.

Albert R. Preble, pro se.

PIERCE, Judge.

Defendant, Albert R. Preble, appeals a judgment entered in favor of plaintiff, Aspen Properties Company. We reverse.

Plaintiff brought suit on a rent claim and defendant countersued for conversion, unlawful eviction, and punitive damages. Both defendant and his counsel failed timely to appear for trial at the scheduled time. The record reflects that inclement weather conditions, as well as car problems, made attendance for these out-of-town participants difficult. Both the defendant and his counsel contacted the court earlier that morning to inform it that they would be late. However, the trial court ruled that no good cause had been given for their tardiness, refused to grant a continuance, and ordered that the trial proceed.

During the presentation of plaintiff's evidence, defense counsel made an appearance, but the trial court summarily expelled him from the courtroom because it found him to be inappropriately dressed. However, the trial court did not specify why counsel's attire was inappropriate. Defense counsel did not make a timely objection to the court's action, nor did he request a continuance so he could obtain the proper attire. At the conclusion of plain-

tiff's presentation of evidence, the trial court entered judgment against defendant.

## I.

■ Defendant contends that he was denied his right to due process of law under the Fifth and Fourteenth Amendments when his counsel was summarily expelled from the courtroom. We agree.

Although defense counsel failed to make a timely objection at trial, the alleged error will be considered on review because it involves the deprivation of fundamental rights. *See Cox v. Pearl Investment Co.*, 168 Colo. 67, 450 P.2d 60 (1969); *Adams v. Frontier Airlines Federal Credit Union*, 691 P.2d 352 (Colo.App.1984).

■ The purpose of a trial is to obtain justice and to afford all parties an opportunity to be heard fully. *Butin v. Rothman*, 135 Colo. 477, 312 P.2d 783 (1957). A civil litigant's right to due process of law includes the right to cross-examine witnesses and to have an opportunity for rebuttal. *Weld County Kirby Co. v. Industrial Commission*, 676 P.2d 1253 (Colo.App. 1983).

In order to exercise these rights fully, due process requires that civil litigants be allowed to secure assistance of counsel. *See Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970) (welfare recipients have the right to retain counsel at welfare termination hearing); *Potash-nick v. Port City Construction Co.*, 609 F.2d 1101, (5th Cir.) *cert. denied*, 449 U.S. 820, 101 S.Ct. 78, 66 L.Ed.2d 22 (1980) (civil litigant's right to retain counsel denied by sequestration order); *Anderson v. Sheppard*, 856 F.2d 741, (6th Cir.1988) (right to retain counsel violated by failure to allow time to secure assistance of counsel).

These cases hold that a civil litigant's right to retain counsel is rooted in the Fifth Amendment guarantee of due process. As noted by the United States Supreme Court, and used as support in its decision in *Goldberg*, "[t]he right to be heard would be, in many cases, of little avail if it did not comprehend the right to be heard by counsel." *Powell v. Alabama*, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed 158 (1932).

■ We recognize that a trial court is given discretion to determine "the manner in which justice can be administered with dignity and decorum." *See In re Hearings Concerning Canon 35 of Canons of Judicial Ethics*, 132 Colo. 591, 296 P.2d 465 (1956). However, that discretion must be exercised in light of the court's function to provide a fair and impartial trial. A court must show with particularity what happened to warrant the sanctioning of an attorney for conduct determined to have obstructed the progress of trial. *See Pittman v. District Court*, 149 Colo. 380, 369 P.2d 85 (1962)

Here, the trial court denied defense counsel access to the courtroom without making sufficient specific findings in the record to support its action. As we cannot review the basis for the expulsion, an act which deprived defendant of a fundamental right, we conclude that the judgment cannot stand.

Given our disposition of the foregoing issue, we need not address defendant's remaining contention regarding the trial court's failure to grant a continuance.

The judgment is reversed and the cause is remanded for a new trial.

NEY and VAN CISE *, JJ., concur.

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.*, art. VI, § 5(3), and § 24-51-1105, C.R.S. (1988 Repl.Vol. 10B).