IN RE ESTATE OF ANTON VASEK.
EMANUEL VASEK ET AL., APPELLANTS, v. JOSEPH VASEK, ADMINISTRATOR, APPELLEE.

FILED JANUARY 29, 1915.   No. 17,919.

Executors and Administrators: FINAL ACCOUNT: CREDITS: SALE OF LAND: PAYMENT OF LIENS. An administrator, who, in selling mortgaged land for the payment of debts, pays prior liens in good faith out of the proceeds of the sale, and complies with an order of court to take a first mortgage for a portion of the unpaid purchase price, is entitled in his final account to credit for the amount thus paid, where the land sold for its full value, and the sale was approved and confirmed by the court, though the statute requires such sales to be made subject to existing liens.

APPEAL from the district court for Colfax county: GEORGE H. THOMAS, JUDGE. *Affirmed.*

*George W. Wertz,* for appellants.

*Cain & Mapes, contra.*

BARNES, J.

This is a controversy between the heirs of Anton Vasek, deceased, and the administrator of his estate over an item of $2,797.49 in the latter's final account. To pay debts the administrator, under a license from the district court for Colfax county, sold for $18,240 a quarter section of land encumbered by a mortgage for $2,500. His license directed him to make the sale "subject to all liens and

encumbrances" upon the following terms: Five thousand
dollars in cash, half the balance upon confirmation, and
the remainder in three years, "to be secured by first mort-
gage." In offering the land for sale, the administrator
announced that from the cash payment he would pay off
the mortgage and convey to the purchaser a clear title.
The sale for $18,240 was reported to and confirmed by
the district court. From the proceeds the administrator
paid off the existing mortgage, and he afterward con-
veyed the land to the purchaser, taking a mortgage thereon
to secure the unpaid balance of the purchase price. His
final account showed the receipt of $18,240, the purchase
price of the land sold, and the disbursement of $2,797.49,
the amount of debt and interest paid on the released mort-
gage. To the allowance of the latter item the heirs of
decedent excepted. The county court overruled the excep-
tions, and the heirs appealed to the district court, where
the judgment of the county court was affirmed. From the
affirmance, they have appealed to this court.

The heirs contend that the administrator, in paying
mortgagor's debt and in selling the land free from encum-
brance, departed from mandatory provision of statute, and
that he is chargeable in his final account with the entire
purchase price without any credit for the amount thus
illegally paid. The statute provides: "All sales and con-
veyances of land made by executors or administrators, pur-
suant to the provisions of this article, shall be subject to all
charges thereon, by mortgage or otherwise, existing at the
time of the death of the testator or intestate." Rev. St.
1913, sec. 1477.

The record shows that the sale was irregular, but it was
approved and confirmed by the court, and it was there-
fore binding upon all parties. If the heirs had appealed
from the order of confirmation, it would no doubt have been
corrected, but they failed to object to the order or perfect
an appeal, and it became a binding adjudication and was
final. While it is true that the statute was not strictly
followed, we are of opinion that the order was not void.
The heirs waited until after the sale and confirmation

and received the full benefit thereof. After having, by their silence, lulled the administrator into security, they now attempt to make him give them $2,797.49, to which they have no claim either in equity or good conscience. We are therefore of opinion that they cannot enforce such a claim. The record shows that the land sold for its full value, free from encumbrances, and that the heirs were not injured by the action of the administrator. The order of sale directed him to secure a share of the unpaid purchase price by a first mortgage. He could only comply with this requirement by discharging the lien of the existing mortgage. This he did by paying the same out of the proceeds of the sale. After allowing him credit for the amount paid by him for that purpose, the heirs will receive the full amount to which they are justly entitled. In settling the estate, therefore, he should be allowed credit for the item in dispute. *Millard v. Harris*, 119 Ill. 185; *Abby v. Fuller*, 8 Met. (Mass.) 36; *Russell v. Wheeler*, 129 Mich. 41.

The holding of the district court is in harmony with these views, and the judgment is

AFFIRMED.

MORRISSEY, C. J., SEDGWICK and HAMER, JJ., not sitting.