PETER MANGOLD, APPELLEE, V. VERNE GRACE ET AL., APPELLANTS: SOUTHEAST QUARTER OF SECTION 7, TOWNSHIP 14, RANGE 11, DOUGLAS COUNTY, NEBRASKA, ET AL., APPELLEES.

FILED APRIL 21, 1923. No. 22343.

1. **Executors and Administrators:** ADMINISTRATOR'S SALE: COLLATERAL ATTACK. An administrator's sale of his decedent's real estate, pursuant to an order of the district court, is a judicial sale and is not subject to collateral attack for irregularities.

2. ———: ———: IRREGULARITIES. The filing in the district court by

a foreign administrator of a certified copy of his appointment, instead of an authenticated copy, as required by section 1423, Comp. St. 1922, is but an irregularity which is cured by confirmation of sale.

3. ———: ———: ———. Failure of a foreign administrator to file in the district court an authenticated copy of his bond, as provided by section 1425, Comp. St. 1922, and the failure to give bond to the district judge, as provided by section 1426, Comp. St. 1922, are mere irregularities which are cured by confirmation of sale.

4. ———: ———: ———. Where an administrator has advertised lands of his decedent for sale, pursuant to an order of the district court, and offers the land for sale and receives bids but does not accept them, and adjourns the sale and later abandons it, his failure to report such attempted sale to the court is an irregularity that cannot affect a subsequent sale by the administrator, pursuant to a new notice of sale.

5. ———: ———: INADEQUACY OF PRICE. Mere inadequacy of price for which lands are sold by an administrator, pursuant to an order of the district court, cannot, after confirmation and in a collateral attack, be urged to defeat the sale.

6. ———: ———: IRREGULARITIES. Failure of purchaser at a sale of land by an administrator, pursuant to an order of the district court, to give a bond to the administrator to pay an existing incumbrance on the land, when the estate of the decedent is liable therefor, as provided by section 1422, Comp. St. 1922, is an irregularity that cannot be inquired into in a collateral attack upon the sale.

7. ———: ———: INCUMBRANCE: FAILURE TO PAY. Where a purchaser of real estate at an administrator's sale acquires land of a decedent that is incumbered by a mortgage for which the estate of decedent is liable, and fails to give to the administrator a bond for the payment of the incumbrance, as required by section 1422, Comp. St. 1922, and the administrator subsequently pays the mortgage out of the proceeds of the sale, and such purchaser later brings an action against the heirs of the decedent to quiet title to the land so acquired, equity will, as a condition to the granting of the relief demanded, require the purchaser to pay to defendants a sum equal to their interest in the fund used to discharge the mortgage, together with interest thereon from date of sale.

APPEAL from the district court for Douglas county: ARTHUR C. WAKELEY, JUDGE. *Affirmed in part, and reversed in part.*

*Will H. Thompson & Son,* for appellants.

Mangold v. Grace.

*William H. Herdman* and *O'Connor & O'Connor*, *contra*.

Heard before MORRISSEY, C. J., ROSE, ALDRICH and GOOD, JJ., BEGLEY, District Judge.

GOOD, J.

This action involves the validity of a sale of real estate for payment of debts and costs of administration by a foreign administrator.

In 1903 Henry Schroeder, a citizen and resident of Wyoming, died intestate, leaving him surviving a widow and four children, whose ages ranged from two to eight years. At the time of his death he was possessed of real and personal property in Wyoming and also 160 acres of land in Douglas county, Nebraska, which is the subject of this controversy. Such proceedings were had in Wyoming that all of decedent's property in that state was applied toward the payment of the debts against his estate, and there still remained unpaid debts to the amount of $4,834.52 and some costs of administration. The land in controversy was subject to a mortgage of about $1,500, and the debt which it secured had been filed and allowed as a claim against decedent's estate in Wyoming. In 1905, on the petition of the administrator, license was granted by the district court for Douglas county to sell the land in controversy for the payment of the unpaid debts and costs. The land was advertised for sale and not sold for want of bidders; on readvertising bids were received, but, not being for a satisfactory sum, the sale was adjourned and abandoned. This attempted sale was not reported to the district court. The land was again advertised for sale and was purchased by the plaintiff for the sum of $12,080. The sale was reported and confirmed and deed issued to the plaintiff. Plaintiff brought this action to quiet title on the ground of adverse possession. The defendants are the heirs of Henry Schroeder, deceased. They filed an answer and cross-petition in which they assault the administrator's sale

Mangold v. Grace.

upon various grounds, and ask to have the sale set aside and title to the land quieted in themselves. The trial resulted in a decree quieting title in plaintiff upon condition that he pay into court for the defendants the sum of $1,008.07, with interest thereon from the date of the administrator's sale. The defendants have appealed.

The widow of Schroeder consented to the sale of the real estate by the administrator, waiving her dower right in the land, but reserving to herself her right to dower in the proceeds of the sale. Subsequent to the sale she executed a quitclaim deed to the premises. The administrator, previous to granting of license, filed certified copies of his appointment and of his bond, as administrator, but did not file authenticated copies, as required by the statute. Although the administrator was licensed to sell more real estate than was necessary for the payment of debts, the district court for Douglas county did not require, nor did the administrator give, a bond to the district court, as required by section 1426, Comp. St. 1922. The notice of sale given by the administrator was for one day less than the period required by statute; nor did the district court require the purchaser to give a bond for the payment of the debt allowed against the decedent's estate, and which was secured by a mortgage on the land, as required by the statute; nor did the purchaser pay or satisfy the mortgage, and the debt which it secured was afterwards paid by the administrator out of the proceeds of the sale of the land.

Defendants urge that the sale should be set aside for the irregularities mentioned, and also for the reason that, as they allege, the bids were chilled because of the irregularities in the proceedings, and that the land did not bring an adequate and fair price, and that the administrator did not pay in the full purchase price of the land, in that he did not pay or discharge the mortgage upon the land in addition to the price bid.

1. Before entering upon a discussion of any of the questions involved in this case, it may be well to ob-

serve that this is a collateral attack on an administrator's sale. This court has heretofore held that an administrator's sale of real estate of his decedent, pursuant to the order of a district court, is a judicial sale and is not subject to collateral attack for irregularities. *Maul v. Hellman,* 39 Neb. 322; *Seymour v. Ricketts,* 21 Neb. 240; *Haight v. Hayes,* 3 Neb. (Unof.) 587. Nearly if not all of the questions raised by the defendants have previously been settled by this court and been held to be irregularities and not to avoid the sale.

2. That the failure of a foreign administrator to file an authenticated copy of his appointment in the district court, as required by section 1423, Comp. St. 1922, is but an irregularity, is evident from the holding of this court in *Myers v. McGavock,* 39 Neb. 843. In that case a guardian's sale was attacked for failure of the guardian to file an authenticated copy of his appointment. The statutory requirement as to filing by a foreign guardian of an authenticated copy of appointment is the same as for a foreign administrator. In that case a certified copy instead of an authenticated copy was filed, as was done in the instant case.

3. That the failure to file in the district court an authenticated copy of the administrator's bond, given in the Wyoming court, and that no bond was given by the administrator to the district court for Douglas county are mere irregularities, has been determined by this court in *Pohlenz v. Panko,* 106 Neb. 156. The failure to publish notice for three full weeks prior to the date of the sale, as required by the statute, has likewise been held an irregularity, cured by confirmation, in *Pohlenz v. Panko, supra,* and cases there cited.

4. Complaint is made because the administrator failed to report to the district court the second attempted sale. Had the facts been reported, it could not have availed the defendants, for no bid was accepted and no sale was made, and the court could have done nothing more than to have ordered a readvertisement of the land

for sale. The failure to report the fact was, at most, an irregularity and could not have the effect of invalidating a sale subsequently made pursuant to a new notice.

5. Defendants assign as error that bids were chilled and a fair price could not be obtained by reason of the irregularities in the proceedings previous to the sale. Mere inadequacy of price cannot be urged after confirmation in a collateral attack. Besides, the district court in this proceeding found that the land sold for a fair price, and the finding is supported by the evidence.

6. Defendants urge that the sale was confirmed without payment of the full purchase price. The record shows that the bid was $12,080, and this amount was paid in by the purchaser. The defendants evidently, by this assignment, have reference to the fact that plaintiff did not pay and discharge the mortgage debt upon the land. This was no part of the bid. It is true that, under the statute, the purchaser should have been required to give a bond to pay the debt secured by the mortgage, because it was a claim that had been allowed against the estate of the decedent, but there is no merit in the assignment that he did not pay the full purchase price; and in *In re Estate of Vasek*, 97 Neb. 617, it is held that the failure of the purchaser to give the bond is an irregularity that cannot be inquired into on a collateral attack upon the sale.

7. Defendants complain because the district court did not, as a condition to quieting title in the plaintiff, require him to pay the full amount of the mortgage debt existing against the land at the time of sale, together with interest thereon from the date of sale until entry of the decree in this action. It appears for some reason, which is not quite clear, that the district court required the plaintiff, as a condition to quieting title in him, to pay into court for the defendants but two-thirds of the amount of the mortgage debt, with interest from date of sale. In this there was error. Plaintiff brought this action in equity to quiet his title to the land. It is a

familiar maxim that he who seeks equity must do equity. Under the statute, the administrator was required to sell the land, subject to existing incumbrance. When the plaintiff took title to the land at the administrator's sale, he should have given a bond for the payment of the debt secured by the mortgage, because the mortgage debt had been previously allowed as a claim against the estate of the decedent. This he did not do. The land, however, was subject to this mortgage, which was subsequently paid by the administrator out of the proceeds of the sale of the real estate. The plaintiff had the benefit of the sum so paid to discharge the mortgage. He should be required to reimburse the defendants for the amount of their funds which were used to discharge the mortgage. Under the law, then in force, the widow of decedent was entitled to a dower interest in the land of her deceased husband. This was a life estate in one-third thereof. The widow was entitled not to one-third of the fund used to discharge the mortgage but to a life use of one-third of the fund. The court should have determined her expectancy and should have ascertained the value of her life use of that fund, and this amount should have been deducted from the total amount required to pay the mortgage debt. The remaining sum would represent the interest of the defendants in this case, and the plaintiff should have been required to pay into court such sum, together with interest thereon from the date of sale.

This is the only error we have been able to discern which was committed by the district court. In all other respects the decree of the district court is affirmed. The judgment is reversed and the cause remanded, with directions to the district court to ascertain the value of the widow's life use in one-third of the fund required to discharge the mortgage upon the land, and to enter a decree requiring plaintiff, as a condition to quieting his title, to pay to the defendants the whole sum required to pay the mortgage debt, less the value of the widow's life use of one-third thereof, and such sum to bear interest from the date

of sale to entry of decree, pursuant to the order of this court.

The judgment of the district court is affirmed in part and reversed in part and the cause remanded for further proceedings in accordance with this opinion.

JUDGMENT ACCORDINGLY.