**AMERICAN SURETY CO. v. GRACEY et al.**
**(No. 1479.)**

(Court of Civil Appeals of Texas. El Paso.
May 10, 1923.)

**Principal and surety &#9755;79—Extending credit to customers by oil salesman without company's permission held not act of "fraud" or "dishonesty."**

Where the liability of the surety under an indemnity bond was limited to acts of fraud, dishonesty, forgery, theft, embezzlement, etc., of its principal as a salesman for an oil company, the principal's failure to observe the rules of the company as to extending credit, in that he extended credit without permission, was not sufficient to show legal "fraud," or "dishonesty," in the absence of a showing of design by him to cheat or defraud the company, or that he intended, when contracting with the company, not to observe its rules; for mere breach of a promise is not fraud.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Fraud; Second Series, Dishonesty.]

Appeal from District Court, Eastland County; W. R. Ely, Judge.

Action by the American Surety Company against Robert R. Gracey and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Barker & Barker, of Cisco, for appellant.
Claude C. Wild and Wild & Holloway, all of Cisco, for appellees.

WALTHALL, J. This suit was brought by the American Surety Company of New York against R. R. Gracey, A. A. Webster, and J. C. Gude to recover $1,350 on an indemnity bond, on which bond Gracey was principal, and Webster and Gude were his sureties, in the penal sum of $2,000; the bond reciting that Gracey had applied to the American Surety Company for bond in favor of the Magnolia Petroleum Company, and that the American Surety Company required indemnity, or counter security, and further recited its condition to be that if Gracey shall honestly and faithfully perform his duties in the employment named, and the American Surety Company shall not have any money to pay in consequence of its suretyship for him, the indemnity obligation to be void, otherwise to be of force.

Thereafter Gracey, as principal, and the American Surety Company, as surety, entered into an obligation to pay to the Magnolia Petroleum Company, as employer of Gracey, such pecuniary loss, not exceeding $1,000, as the latter shall have sustained of money or other personal property, "by any act or acts of fraud, dishonesty, forgery, theft, embezzlement, wrongful abstraction or willful misapplication on the part of the employee (Gracey), directly or through connivance with others, while in any position or at any location in the employ of the employer," (Magnolia Petroleum Company). The suretyship of the American Surety Company was to begin September 16th and end with the date of the discovery by the Magnolia Petroleum Company, either of loss under the contract of employment or of dishonesty on the part of Gracey, and stating a number of conditions and provisions not necessary to state here. Appellant alleged that by reason of the above obligation of the American Surety Company, as surety for Gracey, it was forced to pay to the Magnolia Petroleum Company the $1,000 by reason of losses, the amounts duly itemized, resulting to that company through the employment of Gracey, and because of Gracey's breach of his obligation to that company. The necessity for employment of attorneys is alleged, and the agreement to pay $250, alleged to be a reasonable compensation. The suit is to recover on the idemnity bond for the $1,000, interest and attorney fees.

Gracey, Webster, and Gude answered by general and special exceptions, and general denial.

The case was tried with a jury and submitted upon one special issue, viz.:

"Did the Magnolia Petroleum Company sustain any loss by reason of any act or acts of fraud, dishonesty, forgery, theft, embezzlement, wrongful abstraction or willful misapplication on the part of R. R. Gracey? Answer Yes or No."

The jury answered "No."

Judgment was rendered that plaintiff take nothing by its suit, and that defendants recover their costs.

### Opinion.

Appellant makes two contentions: First, that the court erred in refusing to give its requested charge, directing a verdict in its favor for the full amount of $1,000; second, the court should have set aside the verdict and granted a new trial on its motion when the uncontroverted evidence supports the cause of action, or any part thereof, as appellant insists that it does.

Unquestionably the liability of the appellees to appellant under the indemnity bond is limited to the liability of the appellant to the Magnolia Petroleum Company under its obligation to that company as surety for Gracey against pecuniary loss of money or property to the extent of $1,000, as recited in the bond "through any act or acts of fraud, dishonesty, forgery, theft, embezzlement, wrongful abstraction or willful misapplication on the part of Gracey, directly or though connivance with others," and within the times fixed by its bond or obligation.

The evidence shows a loss to the Magnolia Petroleum Company of money and property

through the agency of Gracey to the full extent of $1,000, and that the American Surety Company paid the $1,000 to the Magnolia Petroleum Company on account of said losses.

The serious question presented is: Does the evidence show that the losses were sustained on account of any act or acts of fraud, dishonesty, forgery, theft, embezzlement, wrongful abstraction or willful misappropriation of such money or property on the part of Gracey as agent or employee of the Magnolia Petroleum Company? If not, the finding of the jury on the one issue submitted should be sustained. If the evidence shows that the losses were sustained on account of any one or more of the acts mentioned the finding of the jury cannot be sustained, and the court should have set the verdict aside on the motion, and granted a new trial.

It is quite clear, we think, that the court was not in error in refusing to peremptorily instruct the jury to find in favor of appellant for the full amount of the $1,000, as insisted under the first proposition.

It is clear that no act or acts of forgery, theft, embezzlement, wrongful abstraction or willful misapplication on the part of Gracey of any money or property of the Magnolia Petroleum Company is shown, and we need not discuss the evidence with reference to any of such acts. Then does the evidence show an act or acts of fraud or dishonesty on the part of Gracey in the disposition he made of the money or property received by him?

As governing the conduct and authority of Gracey as agent of the Magnolia Petroleum Company in the disposition of the property, appellant refers us to the following portion of the agency contract:

"I (referring to Gracey) agree to faithfully and conscientiously perform all duties connected with the position I hold to the best of my ability and to observe and obey all company rules and regulations strictly. I agree to sell the products of the company for cash, or promise of cash only, and not to exchange or promise to exchange the products of the company for property or merchandise for my private use or account. I also agree that I will not incur personal bills and have them charged to the person or firm without first receiving authority from my division manager, and to stop selling on credit to any customer after having received notice from the division manager to sell to such customer for cash only. * * * I agree to faithfully and correctly account for all money, stock and equipment placed in my charge or coming into my possession."

Gracey was handling and selling the products of the Magnolia Petroleum Company on commission. Without quoting the evidence, it was shown without opposing testimony, that Gracey sold the products of the Magnolia Petroleum Company to a number of people and firms on credit without having made application for permit, and without permit from the company to extend credit to such persons or firms, and that the aggregate of such sales on credits without permit exceeded the sum of $1,000.

The evidence shows that a permit to extend credit is secured by the agent by filling out an application blank, which contains a number of questions to be answered, giving information to the credit manager as to the worth and responsibility of the applicant for credit, and, if the application is approved, the agent receives notice of its approval. We have not found in the record any evidence tending to show fraud or dishonesty on the part of Gracey, as pertaining to the loss complained of, other than that of extending credit to customers without first securing permits to do so.

Is fraud or dishonesty on the part of Gracey made to appear as a matter of law by extending credit to his customers without first securing permits to do so, and disposing of the products of the company on such credits?

Appellant in its brief quotes the statement in the indemnity bond:

"Now, therefore, if the said Robert R. Gracey shall honestly and faithfully perform his duties in the employment named, and the American Surety Company of New York shall have any money to pay in consequence of its suretyship for him, then this obligation to be null and void;"

and other similar expressions in the indemnity bond, and discusses at some length as to whether Gracey's acts were faithfully performed. As said above, appellees' liability to the American Surety Company, whatever the wording of the indemnity obligation might be, is necessarily governed and limited by the liability of the American Surety Company to the Magnolia Petroleum Company under the obligation on which it is surety for Gracey. In other words, although it appears from the evidence that Gracey did not faithfully observe the rules of the Magnolia Petroleum Company not to sell the products of that company, or extend credit except to such only as he had permit, yet unless his act in selling or extending credit amounted to fraud, or dishonesty, the American Surety Company would not be liable on its obligation; and it, not being liable, it follows that appellees would not be liable on their obligation. The only inquiry pertinent to the issue here is: Does the evidence show such fraud, or dishonesty, on the part of Gracey in disposing of the products of the Magnolia Petroleum Company on credit to those to whom he did sell, solely by reason of the fact that he had no permit to extend such credit, or make such sales without permit, as to make the appellant liable to the Magnolia Petroleum Company on its obligation as surety? The question presented is not one of liability of Gracey to the Magnolia Petroleum

Company for a breach of his contract duty to that company.

We have concluded that the evidence does not show fraud in legal contemplation, but only promises to observe the rules of the company as to sales on credit, which rules he did not observe in disposing of the products of the company. As said by our Supreme Court in C. T. & M. C. Ry. Co. v. Titterington. 84 Tex. 218, 19 S. W. 472, 31 Am. St. Rep. 39:

"We concede that ordinarily a promise to perform some act in the future, although made by one party as a representation to induce the other to enter into the contract, will not amount to fraud in legal acceptation, though subsequently the promise is, without any excuse, entirely broken and nonfulfilled. This is a plain and well established proposition about which there can be no controversy; otherwise every breach of a contract would amount to fraud."

In that case the court recognizes the exception to the above rule that where the party making the promises did so with the design of cheating and deceiving the other party, and had no intention at the time of entering into the contract of performing the promises, but used them merely as false pretenses to induce the execution of the contract, and if his conduct did have that effect, then the promises, coupled with the failure to observe the promises, would amount to actual fraud. That case has been followed and referred to by the Supreme Court and Courts of Civil Appeals in many cases. Shepard's Texas Citations, 1922, at page 111. The record shows no fact or circumstance from which it could be inferred that Gracey had no intention, at the time of entering into the contract with the Magnolia Petroleum Company, not to observe its rules, or that he made the promise to do so merely to induce the making of the contract.

It seems to us that the same rule as the above would apply to an act amounting to "dishonesty." To constitute same the evidence should show not only a breach of the promise to observe the instructions and rules of the company, as above, but that Gracey had no intention of doing so at the time he made the promise and entered into the contract, some act of double dealing. There is present the same element of promise to do something in the future.

The act of extending credit without a permit to do so would not of itself show dishonesty, any more than it would show fraud. We have not found the word "dishonesty" in the law books, and appellant has referred to none.

The court was not in error in not setting aside the verdict and granting a new trial.

Finding no reversible error, the case is affirmed.