Universal Credit Company, Appellant, *v.* United States Guarantee Co.

Argued January 10, 1936.   Before KEPHART, C. J., SCHAFFER, MAXEY, LINN and BARNES, JJ.

*Herbert A. Barton,* with him *C. Donald Swartz,* of *Swartz, Campbell & Henry,* for appellant.

*Frederick H. Spotts* and *Pepper, Bodine, Stokes & Schoch,* for appellee, were not heard.

OPINION BY MR. CHIEF JUSTICE KEPHART, March 23, 1936:

Appellee contracted to pay appellant all direct pecuniary losses sustained by the latter through "any act or acts of fraud, dishonesty, larceny, embezzlement, forgery or wrongful extraction" committed by any of appellant's employees. It was in the business of financing the purchase of automobiles by dealers who were to repay the amounts loaned to them promptly when sales were made. In order to ascertain whether any cars had been sold without repayment of the amount loaned, an employee, Gregory, was charged with the duty of checking the cars at the dealer's place of business. Gregory recorded the results of his inspection on a wholesale car check report, signed by him, which contained the printed statement: "I have personally seen and checked the auto numbers on the cars listed above, and certify that the information given is correct." The facts show that Gregory relied on the dealer for his information and did not personally check the cars, with which the dealer was charged, to see whether they were on hand. On April 20, 1931, it was discovered that Kennedy, a dealer, had sold a number of those which Gregory had reported as unsold, and appellant thereby suffered a loss.

The court below charged the jury that while the terms "fraud and dishonest" as used in the bond embraced acts not necessarily criminal in nature, there must, nevertheless, be a showing of a design or intent upon Gregory's part to circumvent his employer by cunning or deception in order that his acts might constitute fraud and dishonesty under the terms of the bond, and that mere carelessness, laziness or neglect would not entitle plaintiff to recover. The jury found for appellee and, on the entry of judgment, this appeal was taken.

The theory of appellant's case here is that the bond covered "legal" fraud and that, therefore, the court below should have directed a verdict for the appellant since the undisputed documentary evidence (reports submitted by Gregory) showed a false statement by Gregory in that he asserted that he had seen and checked the cars when, in fact, he had not done so. Obviously, if appellant is correct, it was entitled to a verdict and judgment.

The construction of the language quoted above presents a novel question in this jurisdiction. In other states it has been held that fraud and dishonesty are not shown as a matter of law by the fact that an employee pays out funds in violation of his instructions: *World Exchange Bank v. Commercial Casualty Co.,* 251 N. Y. 1; nor by the fact that a bank official lends bank funds contrary to orders: *Parker v. Sprague,* 193 N. W. 338. A failure to prevent a theft *(Sally v. Indemnity Co.,* 133 S. C. 342) and an unauthorized sale of goods on credit *(American Surety Co. v. Gracie,* 252 S. W. 263) have similarly been held not within the coverage of the bond. In *Humberg Cheese Co. v. Fristod,* 208 Wis. 283, it was stated: "It seems too clear to require citation of authority to support it that negligence is not fraud, and acts resulting from mistake of judgment are not acts of fraud or dishonesty any more than acts done negligently." In *World Exchange Bank v. Commercial Casualty Co.,* supra, Justice CARDOZO stated, "Dishonesty, unlike embezzlement or larceny, is not a term of art. . . . The measure of its meaning is not the standard of perfection, but an infirmity of purpose so opprobrious or furtive as to be fairly characterized as dishonesty in the common speech of man."

We must be guided by the terms of the bond itself *(Equitable Trust Co. v. National Surety Co.,* 214 Pa. 159) and, construing the clause in question, the acts of dishonesty and fraud which come within the meaning here disclosed are acts done for the purpose of harm or with a view to personal profit. The reports of Gregory

standing alone were not sufficient to sustain the action. Oral evidence was necessary to show the circumstances under which reports were made. They may have been the result of mistaken neglect or overconfidence in the dealer. Negligence, a mere dereliction in the terms of an employment, a misstatement not accompanied by designed intent to defraud or to profit thereby are not acts of dishonesty or fraud such as are within the contemplation of this bond. To hold otherwise would impose a most unusual burden upon appellee and one, we think, never contemplated by the contracting parties.

The charge of the court was correct and, since the nature of Gregory's acts had to be judged from oral evidence, it became a question for the jury: *Nanty-Glo Boro. v. American Surety Co.*, 309 Pa. 236. The jury having found for appellee, it follows that Gregory's acts were neither dishonest nor fraudulent within the meaning of these terms in the bond, and, after a careful survey of the record, it would be impossible to say that this verdict was against the weight of the evidence.

Judgment affirmed.